# Mohon *v.* Tatum, Guardian.

*Application to Probate Court to Vacate and Set aside Sale of Land made by Guardian.*

1. *Guardian and ward; power of guardian to sell land.*—The probate court has jurisdiction to order the sale of real estate belonging to minors, on the application of the guardian, only in the following cases: (1) For the support and education of the ward (Code, § 2780); (2) for reinvestment of the proceeds of sale (*Ib.* § 2785); and (3) for distribution among joint owners (*Ib.* § 3514).

2. *Same; when sale of land by guardian void.*—An application to the probate court by a guardian of minors to sell land belonging to his wards, which avers, as the only ground therefor, that he "believes it to be to the interest of said minors that the land of said estate be sold for distribution among the said [minors], or to their guardian for their use, as the lands are not in a state of cultivation, and therefore of no benefit to said minors," is fatally defective, and a sale made thereon is void.

3. *When husband should not join in application by wife to set aside sale in probate court.*—An application to the probate court to set aside, as void, a sale of land belonging to the statutory separate estate of a married woman, made by her guardian before her marriage, should be in the name of the wife alone, and not in the name of herself and husband.

4. *Same; when application will be dismissed for misjoinder of parties.* Where an application is made in the probate court by both husband and wife to set aside, as void, a sale of land belonging to the statutory separate estate of the wife, made by her guardian prior to her marriage, and is afterwards amended so as to show that the wife applied by a third party, as her next friend, the husband still remaining a party, there is a misjoinder of parties plaintiff, and the application should be dismissed.

Vol. lxix.

[Mohon v. Tatum, Guardian.]

5.  *Same ; when husband not presumed as suing as next friend of the wife.*
In such case, a third party having been introduced by the amendment as
next friend of the wife, the presumption which is sometimes made, that
the husband, when joined as party plaintiff with his wife, sues merely as
her next friend, is rebutted, and can not prevail.

6.  *When court need not tender an opportunity to amend.*—Where there
is a demurrer, or motion to dismiss for misjoinder or non-joinder of par-
ties plaintiff, it is not required that the court should expressly tender an
opportunity to amend.

7.  *Right to amend must be claimed in lower court.*—The right of amend-
ment is a privilege which must be claimed in opportune time in the lower
court, and can not be raised in this court for the first time.

APPEAL from Cherokee Probate Court.

Tried before Hon. R. R. SAVAGE.

This was an application by petition filed by Adelia Mohon, a
married woman and a minor, and Alex. Mohon, her husband,
on the 8th of April, 1881, to vacate and set aside a sale of land
made by John W. Tatum, as the guardian of the said Adelia,
under the decree of said court, on the 26th day of November,
1877, on the ground that the court had no jurisdiction to decree
the sale of the land, and that the sale was void.   It appears
from the petition that John W. Tatum, on the 17th May, 1873,
was appointed by said court the guardian of the said Adelia and
others, who were minors, and that the lands sold belonged
jointly to his wards, and that the said Adelia held her interest
therein as a part of her statutory separate estate.   For the pur-
poses of this report, the proceedings for the sale of the land, as
averred in the petition, are sufficiently stated in the opinion.
On the hearing, the petition was amended so as to show that
the petitioner, Adelia Mohon, filed the petition by one W. W.
Mohon as her next friend.   The said John W. Tatum and one
W. H. Ballard, who were purchasers at the sale, moved to dis-
miss the petition, on the ground, among others, that the husband
was improperly joined therein as a party plaintiff.   The motion
was sustained and the petition dismissed.   It does not appear from
the record that any motion was made in the lower court to
amend so as to cure the misjoinder of parties plaintiff.

The ruling of the Probate Court above noted is here assigned
as error.

WALDEN & SON, and WATTS & SONS, for appellants.—(1). The
power of the Probate Court to order the sale of lands belong-
ing to minors is strictly statutory, and no order of sale of such
lands can be made except in the instances authorized by statute.
*Hudson v. Helmes*, 23 Ala. 585 ;  51 Ala. 514.   (2). The peti-
tion of the guardian in this case for the sale of his wards' lands
does not set forth any *facts* which would authorize the Probate
Court to take jurisdiction thereof, and decree a sale.   It is clear
from the petition that the court acquired no jurisdiction to de-

cree the sale of the land; and the decree and the sale made thereunder are void. (3). Any person having an interest in the lands may make an application to vacate and set aside a void sale.—*Dryer v. Graham*, 58 Ala. 623, and authorities thêre cited; *Lee v. Davis*, 16 Ala. 516　The lands belonged to Mrs. Mohon and her brothers and sisters, and she unquestiónably had such an interest as authorized her to make the application. The lands belonged to her as her statutory separate estate, and, as such, the legal title vested in her husband, as her trustee; he was entitled to the rents, issues and profits of her interest, and he was also entitled to possession and control of her interest. Both the interests of the wife and husband were prejudiced by the sale, and, therefore, both and each could make the application.—*Lee v. Davis, supra.* (4). But if it should be held that the husband and wife can not join in such application, then the court below should have treated the application as that of the wife, by her husband, as her next friend.—*Michan v. Wyatt,* 21 Ala. 813; *Gerald v. McKenzie*, 27 Ala. 166.

JAMES H. SAVAGE, *contra.*—(1). Property held by tenants in common or joint owners may be sold for distribution, when the same can not be equitably divided, although some of the parties in interest may be minors.—Code of 1876, § 3120.　Such property may be sold on the application of any one interested, or by the guardian or lawful representative of such an one.—*Ib.* § 3121 *et seq.*　(2). The court had jurisdiction to order the sale. *DeBardelaben v. Stoudenmire*, 48 Ala. 643; *Hudgens v. Jackson*, 51 Ala. 514.　(3). Only sales that are void can be set aside at a subsequent term.—*King v. Kent*, 29 Ala. 542; *Johnson v. Johnson*, 40 Ala. 247; *Satcher v. Satcher*, 41 Ala. 26.　(4). Application to vacate an order of sale must be made by some one interested.—*DeBardelaben v. Stoudenmire, supra.*　And such party must show the interest he has.—*Vincent v. Daniel*, 59 Ala. 602.　(5). The wife alone can sue for the *corpus* of her statutory separate estate.—*Pickens v. Oliver*, 29 Ala. 528; *Carter v. Owens*, 41 Ala. 217.　The petition, having been filed by the husband and wife, was, therefore, properly dismissed.

SOMERVILLE, J.—The sale of the wards' property in this case, which is sought to be vacated by motion in the Probate Court, was clearly void for want of jurisdiction, and being void on its face, could be set aside at a subsequent term of the court.

The Probate Court can exercise its statutory power of *selling* real estate belonging to minors only in the following cases, on application of the guardian: (1) For the *support and education* of the ward—Code, 1876, § 2780; (2) for *reinvestment* of the

[Mohon v. Tatum, Guardian.]

proceeds—Code, § 2785; (3) for *distribution* among joint own-ers—Code, § 3514.

The application for sale which was originally made by the guardian was obviously intended to be made for distribution only, under the provisions of sections 3514 and 3515 of the Code. Such a petition is required to allege that "such prop-erty [sought to be sold] *can not be equitably partitioned or di-vided without a sale of the same*" (§ 3515), and this is, under the uniform rulings of this court, a jurisdictional allegation, in the absence of which, at least in substance, the Probate Court pos-sesses no lawful authority to order a sale, and any sale made under such arrogated authority would be absolutely void. The averment of the petition here assailed is as follows: "Your pe-titioner *believes it to be to the interest* of said minors that the land of said estate be *sold for distribution* among the said [minors], or to their guardian for their use, as the lands are not in a state of cultivation, and therefore of no benefit to said minors." Then follows a description of the lands, and a prayer asking for an order of sale. It needs no argument to show the insufficiency of this allegation. It plainly is wide of compliance with the requirement of the statute. The petition of the guardian, therefore, being fatally defective, the sale in question was void.

The motion to set aside the sale could be made by any person in interest, as distinguished from a mere stranger. It could certainly be instituted by Mrs. Mohon, as the property sold was her statutory separate estate.—*Dryer v. Graham*, 58 Ala. 623; Freeman on Ex. § 305.

She was, however, the *only party* who should have been plain-tiff in the motion. It was in the nature of a suit for her undi-vided interest in the lands which had been sold, and related to the *corpus* of her separate estate created by statute. In such cases the wife should sue and be sued alone, the husband not being a proper party plaintiff.—Code, 1876, § 2892; *Pickens v. Oliver*, 29 Ala. 528.

The petition was for the latter reason properly dismissed, there being a misjoinder of parties plaintiff. It was originally insti-tuted in the name of the husband and wife. An amendment was allowed on the trial so as to show that the wife, who was a minor, sued by her *next friend*, one W. W. Mohon. To the allowance of this amendment, there was, in our judgment, no legal objection, it being fully authorized by the statute.—*Berry v. Ferguson*, 58 Ala. 314; *Fennell v. Tucker*, 49 Ala. 453. It is insisted, however, that the husband was a party plaintiff in form merely and not in substance, and as he claimed no relief for himself, but only for the wife, he should have been regarded as her next friend, and that the suit should have been allowed to proceed in this form. This, it may be admitted, is some-

times the practice of the chancery courts, and it may be that it would be permissible in a proper case in the probate court. *Michan v. Wyatt*, 21 Ala. 813; *Gerald v. McKenzie*, 27 Ala. 166. But in this case, an amendment had already been made introducing the name of a *prochein ami*, and the reason of the rule invoked could, therefore, in no manner apply.

It is further urged that the petition should not have been dismissed without allowing the petitioner an opportunity to amend. Where there is a demurrer, or direct motion to dismiss for misjoinder or non-joinder of proper parties plaintiff, it is not required that the court should expressly tender the opportunity of amendment. The right of amendment is a privilege which must be claimed in opportune time, and, in the absence of any motion or suggestion shown by the record to have been made to this end in the court below, this point can not be raised for the first time in the appellate court. The petitioner should have requested permission to amend so as to conform the petition to the requirements of the statute regulating the matter of parties.—*Brock v. S. & N. Ala. R. R. Co.*, 65 Ala. 79; *Bishop v. Wood*, 59 Ala. 253, 258.

Affirmed.