# Buford v. Ward, Admr.

*Petition to set aside Decree and to Defend on Merits.*

1. *Appeal; interloctory orders &c.*—The appeals provided for in section 3612 of the Code from orders made on motions to dismiss, ap-

[Buford v. Ward, Admr.]

ply only to such orders made on motions to dismiss *bills for want equity.*

2. *Same; petition to set aside decree.*—An appeal lies from an order dismissing a petition to set aside a decree, and to defend, filed under section 3490 of the Code, if sued out within one year from the rendition of the order.

3. *Contract to furnish article satisfactory to purchaser.*—Where by the terms of the agreement, an article is to be furnished, which shall be satisfactory to the defendant, if he refuses, though from mere caprice, to be satisfied therewith, neither the contract price, nor a reasonable remuneration can be recovered.

4. *Same.*—Where an agreement is made between the maker and the payee of a note, to the effect that the payeé should trade out the note by purchasing stock of the maker, if the terms and prices can be agreed upon, otherwise, to be paid in money, that part of the agreement as to purchasing stock is of no binding force until the payee has selected and individualized the stock he wished to purchase, and the parties have agreed upon the price and terms to govern the purchase.

5. *Petition to set aside decree and defend on merits; dissmissal.*—The court is at liberty to put a defective petition to set aside a decree and to defend on merits, out of court in any manner, even the most summary, and the petitioner cannot complain that the court sustained a general demurrer to it.

6. *Same; pleading defect in title of vendor.*—On a decree under a bill to foreclose a vendor's lien, an averment in a petition to set it aside, and to defend, that the vendor had no title, without more, is insufficient.

7. *Dismissing petition without expressing leave to amend.*—There is no error in dismissing a proceeding in open court, in term time, without expressing leave to amend. If desired, leave to amend should then be requested.

APPEAL from Jefferson Chancery Court.

Heard before Hon. THOS. COBBS.

The facts are sufficiently stated in the opinion.

BEN CARTER, for appellant.—1. The decree sustaining demurrers to appellants petition, and dismissing the same, was a final decree, which would support an appeal.—Code § 3611 ; *Adams v. Sayre,* 76 Ala. 509.

2. A bill having amendable defects should not be dismissed for want of equity.—*Seals v. Robinson,* 75 Ala. 363 ; *Glover v. Hambree,* 82 Ala. 327.

3. The appellant, as a matter of right, was entitled to have the decree set aside, in order that he might defend. *Lehman Durr & Co. v. Collins,* 69 Ala. 127; *Sayre v. Elyton Land Co.,* 73 Ala. 85.

[Buford v. Ward, Admr.]

W. G. WARD, *contra.*—1. This is not an appeal from a final decree in the sense of section 3611 of the Code, but comes within the purview of section 3612, which makes it necessary for the appeal to be taken within thirty days.

2.  The matters set up in the petition were insufficient.

HEAD, J.—Appeals from orders or decrees of the chancery court, disposing of petitions filed in causes, pending or disposed of, in such court, are not, in any instance, governed by the provisions of section 3612 of the Code. The appeals provided for, by that section, from orders made on motions to dismiss, apply only to such orders made on motions to dismiss *bills for the want of equity.* They do not apply even to *cross* bills.—*Nabors v. Morris Mining Co.*, 103 Ala. 543 ; *Barclay v. Spragins*, 80 Ala. 357 ; *Jones v. Woodstock Iron Co.* 90 Ala. 545 ; *Festorazzi v. St. Joseph's Catholic Church*, 96 Ala. 178 ; *Ex parte Fechheimer*, 103 Ala, 154 ;. The appeal, therefore, in this case, is governed by section 3611 of the Code, and was properly sued out within one year from the rendition of the order.   Code, § 3619.   An appeal lies from such an order.—*Tabor v. Lorance*, 53 Ala. 543.

The complainant, in the original cause ( *W. C. Ward, Admr. of Boddie*) , filed a bill in the Jefferson chancery court, against the present petitioner (Buford) to enforce the lien of a vendor upon lands.   The note forming the basis of the alleged lien, which Buford, the vendee executed to Boddie, the vendor, being otherwise in the form of an ordinary promissory note, contained these words : "It is agreed by and between the said Boddie and the undersigned, that said Boddie is to trade out this note, with the undersigned, by buying live stock, or otherwise, from the undersigned, if the terms and prices can be agreed upon by the said parties, but if the terms and prices cannot be agreed upon, then the undersigned is to pay this note, in money, when the same becomes due."   At the filing of the bill, and thereafter until the case was disposed of by final decree ordering the sale of the lot, Buford was a non-resident of this State, and service was regularly perfected upon him by publication, according to our practice.   He was not personally served with notice of the suit.   The final decree was rendered January 5th, 1892, and on July 5th, 1892, Bu-

ford, proceeding under sections 3489 and 3490 of the Code, filed his petition, in said court, for an order setting aside said decree, and permitting him to come in and defend. In this petition, he shows his non-residence, and the want of personal service upon him, and alleges that no copy of any decree in the cause was served on him as long as six months before the date of the petition. It then alleges that petitioner is advised that the bill of complaint shows that, under the contract therein set up, petitioner could not have been indebted to complainant's intestate, until, at the end of an affirmative proposal of terms and prices, said intestate and petitioner had been unable to agree on terms and prices of live stock or other property of petitioner, which said intestate had offered to take in satisfaction of said debt of petitioner, and that the bill and proof do not show that there was any such disagreement, or that any such negotiation was ever had ; that in fact there was never any such disagreement, or such negotiation, but said intestate entirely failed to take steps so to trade out said obligation ; that petitioner has, and since said obligation was entered into, has always had, an abundance of live stock and other property, in which said intestate might have traded out said debt, and in which complainant, if so entitled, might have traded, and still might trade out the same, and that he always held himself out to said intestate, before his death, as ready, and since the death of said intestate, has held himself out to complainant, as ready, and he now offers, in case the court should find said contract to be still operative in complainant's favor, to supply from his said holdings, property, in which said obligation might have been, or now might be traded out; that in bargaining with petitioner, said intestate undertook with him to convey to him an indefeasible fee simple title to said lot, and that petitioner is advised that said intestate never had any title to the lot ; that at the time of such contract, petitioner made a cash payment of one thousand dollars on the lot ; that the estate of intestate is insolvent, and that petitioner has a full defense against the bill. By the terms of the statute, the relief sought by this petition is obtainable only on petition, showing sufficient cause for setting aside the decree and permitting petitioner to defend the suit on the merits. The court correctly held that no such sufficient cause was shown by

the present petition. The clause in the purchase money note herein above copied, so far as trading out the amount of the note is concerned, is of no binding force whatever. It is wholly wanting, in the element of certainty in its terms, essential to a valid, binding agreement. It is incapable of specific enforcement, and would not support an action at law for its breach, by either party. A bill in equity to specifically enforce it, or a complaint in an action at law for its breach, would fail to show a substantial cause of action, which would support a decree or judgment.—*Erwin v. Erwin*, 25 Ala. 236; *Robinson v. Bullock*, 58 Ala. 618; *Aday v. Echols*; 18 Ala. 353; *Robinson v. Iron Railway Co.*, 135 U. S. 522; 3 Am. & Eng. Ency. Law, 844 note 1. "Where, by the terms of the agreement, an article is to be furnished which shall be satisfactory to the defendant, if he refuses, though from mere caprice, to be satisfied therewith, neither the contract price, nor reasonable remuneration can be recovered."—*Ib.* 845, note 1, citing *Zaleski v. Clark*, 44 Conn. 218; *McCarren v. McNulty*, 7 Gray (Mass.) 139; *Brown v. Foster*, 113 Mass. 136; *Gibson v. Cranage*, 39 Mich. 49; *Wood v. Smith*, 50 Mich. 565; *Gray v. R. R. Co.*, 11 Hun. (N. Y.) 70. *Contra, Daggett v. Johnson*, 49 Vt. 345. See 33 Am. Rep. 353, note; 42 Am. Rep. 158, note.

The statement, in the petition, that said intestate undertook with petitioner to convey to him an indefeasible fee simple title to said lot, and that petitioner is advised that said intestate never had any title to the lot, is of no efficacy whatever. It presents no issue, except the bare advice of some one, that the intestate was without title, which is wholly immaterial.

These are the defenses which the petitioner seeks an opportunity to make to the bill. Neither constitutes a defense, nor, in the language of the statute, shows "sufficient cause for setting aside such decree and permitting him to defend the suit on the merits." The court was, therefore, at liberty to put the petition out of court, in any manner—even the most summary. The petitioner can not, therefore, complain that the court sustained a general demurrer to it. But, upon application, he was allowed to amend the petition, which he did, by adding to it the following averments, viz.: "that he did not know of the pendency of the suit until after the decree of

[Buford v. Ward, Admr.]

sale had been rendered; that it was agreed, in the contract actually entered into between said intestate and petitioner, that there was to be no liability to pay the $900. in money, until after said intestate had selected property from petitioner's holdings, in which to trade out said debt, and after conferring on terms and prices of the same, they had disagreed as to such terms and prices, and that if the paper writing set up in the bill and filed in evidence did not so show, it was not a correct memorandum of the contract, and the execution of the same was due to a mistake of the parties; that the value of the lot has diminished greatly since the contract was entered into, and since January 1st, 1889, and is now much less than it was at any time between the date of the contract and January 1st, 1889, or on the latter day, or at any time thereafter, during the life of said intestate, and that to compel performance of the same at this time by petitioner, would be to put him in a very much worse position than he bargained for; that said intestate, before the maturity of said obligation, did examine several head of petitioner's live stock, and ascertained the prices at which petitioner held the same, for the express purpose of taking some of the same in satisfaction of said debt, and then signified to petitioner that he was satisfied with such prices, and shortly would instruct petitioner how and when to ship to him such of said animals as he should select, for such satisfaction of said debt; that petitioner held all of said live stock subject to the order of said intestate, but that said intestate never did so instruct him and did not communicate with him further about any of said live stock; that the complainant, after the death of said intestate, never offered to trade out said obligation of petitioner, in live stock, or otherwise." The abstract, in setting forth this amendment contains this recital: "The amendment specifies that, in the matters stated in the petition, petitioner has a full defense to the action. In this allegation of a full defense, and in the charge that said intestate had no title to the lot, the amendment adopts the phrase, 'Is advised and believes, and on such advice states.'"

This amendment was allowed and filed, after the expiration of eighteen months from the rendition of the decree sought to be set aside.

The defendant, Ward, administrator, moved to dismiss

the amended petition, on the grounds : 1. That the matter set up in the petition, as amended this day, is barred, not having been filed and presented to the court within the time prescribed by law in such cases made and provided. 2. That the matters or statements this day introduced into the petition, aforesaid, are new matter, not presented by the original petition, and the same are barred, because not presented to the court within the time prescribed by statute. 3. The petition does not show any cause why the final decree should be vacated and set aside. There are two other grounds stated, but they are not material. The court dismissed the petition, and from this order the appeal is taken.

We are of opinion that the agreement and the acts of the parties thereunder, as set up in this amendment, are likewise too vague, indefinite and uncertain to support a decree denying recovery of the note. We must assume the purchaser, Buford, went into possession of the land, under his purchase, and has since enjoyed, and still enjoys, the use thereof. The agreement, properly analyzed, is nothing more than if the parties should afterwards agree upon the terms of purchase of such of Buford's property as Boddie might select, to be purchased by Boddie in consideration of the discharge of the note, then the same should operate as a discharge of the note. Hence, we see, it was necessary, first, that Boddie should actually select and individualize the property he might be willing to purchase; and, second, that the parties should agree upon the terms and prices to govern the purchase by Boddie of the particular property selected by him. The averments make no claim that any property was ever selected; or terms or prices of any particular property agreed on. The agreement was simply one resting in the mutual discretion of the contracting parties, incapable of enforcement by a court against either. It was simply an agreement that Buford would sell to Boddie such property as the latter might be willing to purchase of him at such prices as the parties might be able to agree upon. It needs no argument or authorities to show that such an agreement amounts to nothing. The respondent proposes to keep and enjoy the land and pay nothing for it, because he had property which Boddie might have selected and taken in payment of the debt, provided they should have agreed on the terms and prices.

[Martin v. Atkinson, Admr. *et al.*]

It is clear that the averment that Boddie had no title to the lot, without more, wou'd present no defense to the bill. It scarcely intimates, much less avers, that petitioner will be able to show, in defense of the bill, that the vendor had no title; *National Fertilizer Co. v. Hinson*, 103 Ala. 532; and, further, the petitioner does not show that he is in a position to avail himself of a want of title in the vendor, since there is no allegation that he did not receive, and does not still hold and enjoy, the possession and use of the lot purchased. A petition which does not undertake to state where the title to the lot resides, nor that petitioner will be able to show on a trial that the vendor had no title, nor that he, the petitioner, did not enjoy the benefits of the purchase by taking possession and enjoying the use of the property, but merely states, upon advice received, that the vendor had no title, cannot be accepted as showing sufficient cause for setting aside a decree to enforce a vendor's lien on the property, and permitting the petitioner to defend the suit on the merits.

It is no ground of objection that the court dismissed the petition, without expressing leave to amend. It was done in open court, in term time. The petitioner should have requested permission to do so, if he desired to amend.—*Mohon v. Tatum*, 69 Ala. 466.

Affirmed.