# Pollak *v.* The H. B. Claflin Co.

## *Bill in Equity for an Accounting.*

1. *Bill for an accounting; what necessary for maintenance thereof.* A bill in equity for an accounting, where the account to be examined is on one side only, and no necessity for a discovery is shown and no discovery is prayed for, can not be maintained, unless there is so great a complication in the matters of account as to render the remedies at law inadequate; and in

[Pollak v. The H. B. Claflin Co.]

such a case, a mere general allegation that the account is complicated, without showing in what respect, is insufficient.

2. *Bill for discovery; what necessary to maintain same.*—In order to maintain a bill in equity for relief sought consequent on a discovery, it is necessary to allege that the facts sought to be discovered are material; that the ascertainment of them by the complainant is indispensable as proof, and that he is unable to establish them by other proof.

APPEAL from the City Court of Montgomery, in Equity.

Heard before the Hon. A. D. SAYRE.

The bill in this case was filed by the appellant, Ignatius Pollak, against the appellee, the H. B. Claflin Company. The purpose of the bill and the facts of the case averred therein are sufficiently stated in the opinion.

PHILIP H. STERN and G. F. MERTINS, for appellant.— If the original bill contained equity or was susceptible of amendment so as to make it contain equity, the chancellor erred in sustaining the motion to dismiss.— *Beggs v. Edison Elec. Ill. Co.,* 96 Ala. 297; *Dargin v. Hewlitt,* 115 Ala. 510.

The jurisdiction of the chancery court having once rightfully attached, the court will proceed to adjudicate questions and claims, although of a purely legal character themselves, which are connected with or proceed from those in regard to which a court of equity grants relief.—*Wood v. Hudson,* 96 Ala. 471; Sto. Eq. Jur., 71-72; 1 Pomeroy Eq. 230; *Conro v. Port H. I. Co.,* 12 Barb. 27.

D. S. HAUSMAN, *contra.*—There is no mutuality of accounts; the bill simply alleges a debit on one side against which there is a series of alleged credits and offsets. Equity, therefore, will not assume jurisdiction.—*Kirkman v. Vanlier,* 7 Ala. 217; *Crothers v. Lee,* 29 Ala. 337; *Dickerson v. Lewis,* 34 Ala. 638.

There was no such complication of accounts as will justify the interposition of a court of equity.—*Dicker-*

*son v. Lewis,* 34 Ala. 638; *Beggs v. Edison Electric Co.,* 96 Ala. 295; *Dargin v. Hewlitt,* 115 Ala. 510.

It has repeatedly been held in this State that even after a discovery has been asked for, unless the bill alleges that the facts sought to be discovered are peculiarly within the knowledge of the adverse party; that the facts are indispensable to the prosecution of the case; and that the adverse party cannot proceed without a disclosure of said facts, a bill for discovery cannot be maintained.—*Perrinne v. Carlyle,* 19 Ala. 690; *Crothers Admr. v. Lee,* 29 Ala. 337; *Dickerson v. Lewis,* 34 Ala. 638; *Guice v. Parker,* 46 Ala. 616; *Dargin v. Hewlitt,* 115 Ala. 510.

HARALSON, J.—The bill is filed to settle accounts between complainant and defendant, which are alleged to be so complicated and intricate as to require the court of equity to adjust and settle them—a court of law, as alleged, being incompetent to furnish a complete and adequate remedy therefor.

The respondent's counsel make a statement of the averments of the bill which, so far as we can discover is fair, and therefore for convenience we adopt it. He says, when stripped of its multifarious allegations, the bill "avers that Pollak & Co. was at one time indebted to the appellee in the sum of about $35,000, that this amount was subsequently reduced to $14,000; that the Pollak Co. failed in business and after said failure appellant executed his individual notes to appellee for about $15,000; that appellant has paid about $1,000 on these notes, and appellees have also received from the estate of the Pollak Co. about $2,200 which should be allowed as a credit on said note and that there is still in the hands of the trustee of the Pollak Co. an undivided dividend which appellee ought to collect and apply on appellant's notes; that the Pollak Co. was succeeded by a new corporation known as The Fair, of which appellant became a stockholder; that a few days before The Fair was put into involuntary bankruptcy, appellant severed his connection with the said The

Fair; that the said The Fair was indebted to the appellee in the sum of about $18,000, and was also indebted to appellant; that the said corporation was wholly insolvent; that the appellee, through its agent, procured appellant to bring about a composition; that, to effect this appellant paid certain petitioning creditors the amount of $8,000; that appellant himself had a claim against the said The Fair for about $42,000; and in order to effect said composition, appellant, at the request of the appellee, withdrew his claim against the estate and, as a consequence, received no dividend from the estate, and thereby lost about $7,000; that the appellant obtained the control of the lease of the storehouse formerly occupied by The Fair; that a new corporation was to be organized and that if appellant would transfer the lease to the new corporation that he would be permitted to subscribe for $10,000 of the stock of the new corporation; that as a further consideration of transferring of the lease to the new corporation, the appellee was to credit on the account of the said The Fair the difference in value between the amount that the assets of the said The Fair sold for and the actual appraised value of the same and after satisfying this account, whatever remained was to be credited or paid to appellant, and that there was an excess of about $13,000, which, under the agreement, was to be credited to the appellant." It is also averred, as growing out of the transaction, that respondent owes complainant a large sum of money, to wit, about the sum of $30,000, and that if the accounts between complainant and respondent were properly taken, and the said notes of complainant to respondent were delivered up and cancelled, a considerable balance would be due from respondent to complainant to-wit, about the sum of $10,000. Writs of garnishment were issued to a number of persons to require them to answer in what sum or sums they were indebted to respondent. These garnishees were afterwards discharged by the court.

The prayer of the bill, so far as pertained to the necessities of the case, was: "That respondent be required to make full and true discovery and disclosure of and

concerning all and singular the transactions and matters aforesaid, and that an account may be taken and had under the direction of this court of all dealings and transactions between orator and respondent, that in taking such account, respondent may be charged with the accounts hereinbefore mentioned and any others paid to, for, at the request of, and for the use and benefit of respondent, and that orator may be allowed to charge the same against respondent." No interrogatories were propounded in the bill to the defendant for a discovery by it of the matters referred to, and an answer under oath was waived. A motion was made by the defendant to dismiss the bill for want of equity, and a demurrer thereto for the same reason. The demurrer was sustained and the bill dismissed as containing no equity, and from that decree the appeal is prosecuted.

1. The law in cases of this character is well settled. In *Avery v. Ware*, 58 Ala. 475, the court said: "If the equity of the bill can be maintained, it must be on the theory that there is an account to be stated and settled between the parties. It is not every matter of account of which a court of equity takes judisdiction. There must be a fiduciary relation between the parties, or mutuality or complication of accounts to justify the intervention, or, as is said in *Knotts v. Tarver*, 8 Ala. 743, the court would be filled with suits, which could be better and more cheaply adjudicated in courts of law. When the accounts are all on one side, where the demand is purely legal, and its amounts ascertainable by a simple calculation, and the remedy at law is adequate, the court will not take jurisdiction."

In *Beggs v. Edison E. Ill. Co.*, 96 Ala. 298, the court said: "It is now the settled doctrine of equity jurisprudence, that when the accounts to be examined, are on one side only, great complication ought to exist in the accounting or a discovery should be required, in order to induce a court of chancery to exercise jurisdiction. * * * And in transactions not of this particular character, great complication ought to exist in the ac-

[Pollak v. The H. B. Claflin Co.]

counts and some difficulty should be interposed, or some discovery should be required, in order to induce a court of equity to exercise jurisdiction. * * * These complications must be substantial and material. The fact that the bill happens to contain a general, vague charge that there are voluminous and intricate accounts between the parties and this allegation is inserted merely as a predicate for the purpose of bringing the case within the jurisdiction of a court of equity, the court will not entertain the bill, if demurred to for want of equity."

An examination of the bill discloses that it is not one for the settlement of mutual accounts between the parties. In substance it states, that respondent, who was engaged in the wholesale mercantile business in New York, became a creditor in the sum of $35,000 of The Pollak Co., of which complainant was a member, engaged in the retail mercantile business, in Montgomery, Ala., and that on account of certain independent transactions, not connected with the conduct of said business, respondent owed complainant certain large sums which were properly creditable to him on his indebtedness to respondent, and these credits to which complainant avers he is entitled, were, in each instance, particularly specified. It amounts to no more than a claim of credits for payments on promissory notes given by complainant to respondent, which, if allowed, would pay the notes, leaving a balance by way of set-off due the complainant. There were no mutual mercantile accounts between the parties, and by the averments of the bill, there were no accounts of any character to be settled which were of any complication or difficulty. If respondent were to sue complainant at law on his notes, complainant might easily state an account of the sums he claims should be allowed him as credits thereon and plead them as such to the action—as payments and by way of set-off. Or, as it appears, if complainant were to sue respondent at law on the amount he claims respondent owes him, and made the proof necessary to establish his demand, he would be entitled to recover for the excess of his demand over that of respondent; and, in either case, we are unable to discover such confusion, compli-

cation or difficulty in settling their differences, as a court of law might not easily, adequately and completely adjust.

2. The rule as to a bill of discovery is, that in order to sustain jurisdiction for relief sought, consequent on a discovery, it is necessary to allege that the facts sought to be discovered are material, that the ascertainment of them by the complainant is indispensable as proof and that he is unable to establish them by other proof. Such allegations, nor anything like them, are made in the bill, and it was subject to the demurrer.—*Guice v. Parker*, 46 Ala. 616; *Dickinson v. Lewis*, 34 Ala. 638, 645; *Continental L. Ins. Co. v. Webb*, 54 Ala. 688; *Shackelford v. Bankhead*, 72 Ala. 477; *V. A. M. & M. Co. v. Hale*, 93 Ala. 542.

Affirmed.