# Hulsey v. Walker County

*Bill for an Accounting and Injunction.*

(Decided Feb. 17, 1906.   40 So. Rep. 311.)

1. *Accounting; Equity; Jurisdiction.*—Equity has no jurisdiction to entertained a bill for an accounting upon an allegation that it is difficult to ascertain the amounts due without an accounting, it not being alleged that the accounts are mutual and complicated.

2. *Discovery; Equity; Jurisdiction.*—Equity has no jurisdiction to entertain a bill for discovery, unless it is alleged that the one seeking discovery cannot prove the facts without the answer of the defendant.

APPEAL from Walker Chancery Court.
Heard before HON. A. H. BENNERS.

This was a bill filed in the chancery court of Walker county by Walker county in its corporate capacity and through its proper officers against John B. Hulsey, and prays that a receiver be appointed to take charge of and superintend the county's poorhouse; that said John B. Hulsey be enjoined from further exercising acts of superintendence or control over said poorhouse or its property or inmates; that an account be stated between complainant and Hulsey, and said Hulsey be required to pay for timber cut and used by Hulsey belonging to complainant, and for the goods and merchandise bought by

Hulsey and used for his own benefit, which was charged to and paid by complainant. The case made by the allegations of the bill is that the county commissioners purchased for the county a certain tract of land, put improvements on it, cleared and fenced it, and established it as a county poor farm, and placed such indigent persons there as had a right to be there, elected Hulsey superintendent, and placed him in charge of the poor farm; that Hulsey in dereliction of his duty cut timeber from said lands and sold it for his own benefit, bought goods for himself and family, and had them charged to Walker county; and that the same had been paid out of the treasury of the county. The bill also alleges flagrant disregard of duty by Hulsey as such superintendent. It is further alleged that at a regular term of the commissioners' court Hulsey was removed as superintendent, and one Snoddy, a fit and suitable person for such place, was elected superintendent to fill Hulsey's place; that proper notice in writing and verbally was given said Hulsey of his removal, and demand made on him for an accounting for the timber cut and goods purchased for his own use, and a refusal on his part either to make an accounting or to surrender possession of the property and other things belonging to plaintiff. The bill also alleges the insolvency of Hulsey and his inability to respond in damages at law. There was motion by respondent to dismiss the bill for want of equity and to dissolve injunction. A number of demurrers were filed to the bill which are not necessary to set out. The court overruled the motion to dismiss and the demurrers, and from this action an appeal is taken.

RAY, LEITH & SHEPERD, and JNO. COLEMAN, for appellant.—The term waste is not predicated of the destruction of personal property but of real estate and the test is, is it a lasting damage to the freehold or inheritance. Waste cannot be charged in general terms, but some fact must be stated showing what constitutes it.—*Henry v. Watson*, 90 Ala. 336; *Clark v. Zeigler*, 79 Ala. 351; *Sims v. Grier*, 83 Ala. 265. The allegations of the bill are not sufficient to give the court jurisdiction either for an accounting or for discovery.—93 Ala. 544; 102 Ala. 192; 54 Ala. 475; 115 Ala. 543; 34 Ala. 643.

[Hulsey v. Walker County.]

LACY & LACY and W. C. DAVIS, for appellee.—The suit is properly brought in the name of Walker county.—119 Ala. 36. It is not necessary to allege authority to bring the suit.—91 Ala. 240; 5 Ency. P. & P. 300-301. The averments of the bill sufficiently show material complications of the accounts between the appellant and appellee.—138 Ala. 644; 96 Ala. 299. The motion striking parts of the answer cannot be reviewed on this appeal.—Sec. 427, Code 1896; 135 Ala. 497.

ANDERSON, J.—Mr. Pomeroy, in his excellent work on Equity Jurisprudence (3d Ed.) vol. 4, § 1421, says: "The instances in which the legal remedies are held to be inadequate, and therefore a suit in equity for an accounting proper, are where there are mutual accounts between the plaintiff and the defendant (that is, where each of the two parties has received and paid an account of the other); where the accounts are all on one side, but there are circumstances of great complication or difficulties in the way of adequate relief at law; where a fiduciary relation exists between the parties and the duty rests upon the defendant to render an account." These principles are in complete harmony with the previous decisions of this court.—*Pollak v. Claflin*, 138 Ala. 644, 35 South. 645; *Beggs v. Edison*, 96 Ala. 298, 11 South. 381, 38 Am. St. Rep. 94; *Avery v. Ware*, 58 Ala. 475; *Knotts v. Tarver*, 8 Ala. 743; *State v. Bradshaw's Adm'r*. 60 Ala. 239.

The bill in the case at bar does not show mutual accounts, as it consists of certain claims against the defendant, and admits an offset, or credit, of $64.—*Crothers v. Lee*, 29 Ala. 337; 21 Am. & Eng. Ency. of Law, p. 244. Nor is the account so complicated that the respondent's liability cannot be expediently ascertained in a court of law.—*Tecumseh Co. v. Camp*, 93 Ala. 572, 9 South. 343.

As to the existence or result of a fiduciary relationship between the parties, the respondent does not belong to that class of trustees, such as administrators, guardians, etc., over whom equity entertains a general jurisdiction, and it is unnecessary for us to decide whether or not his position was such as to preclude him from the general

requirements for an accounting, since, if he did occupy such a position, the complainant would have no right to an equitable accounting, in the absence of mutuality and complications, when the matters for which an accounting is sought are peculiarly within the knowledge of the respondent. And the bill does not seek a discovery, or aver that the facts cannot be proved without the answer of the respondent. It avers that it is difficult to ascertain the amounts due without an accounting; but that is not sufficient. "The jurisdiction of the chancery court cannot be maintained upon the ground of discovery alone, unless it is averred in the bill that complainant is unable to prove the facts without the answer of the defendant."—*Crothers' Case, supra; Perrine v. Carlisle,* 19 Ala. 690.

The bill as amended was without equity, and the chancellor erred in not sustaining the motion to dismiss, and the decree is reversed, and one is here rendered dismissing the bill.

Reversed and rendered.

HARALSON, DOWDELL, and SIMPSON, JJ., concur.