# South & North Ala. R. R. Co. v. L. & N. R. R. Co.

## Bill for an Accounting.

(Decided Nov. 24, 1910. 53 South. 1016.)

1. *Account; Bill for Accounting; Sufficiency.*—Where the bill for an accounting made no specific allegation of error as to particular items of an account rendered, and no charges of fraud, sufficient to authorize a court of equity to open any one of the accounts stated between the parties in its entirety, such bill is properly dismissed.

2. *Accounts Stated; Effect; Conclusiveness.*—Where there is no proof of fraud or specific error, proof and allegation, found alike in the bill and answer, that the several accounts had been stated between the parties, is a perfect answer to a bill for an accounting.

APPEAL from Jefferson Chancery Court.

Heard before Hon. A. H. BENNERS.

Bill for an accounting filed by the South & North Alabama Railway Company against Louisville & Nashville Railway Company. From a decree dismissing the bill complainants appeal. Affirmed.

WALKER PERCY, and FRED S. BALL, for appellant. The general principles of equity upon which the bill is based will be found fully stated and discussed in 1 Cys. 420, et seq. The decree should be reversed upon authority of the following cases: *V. & A. M. & M. Co. v. Hale,* 93 Ala. 542; *Avery v. Ware,* 58 Ala. 475; *Beggs v. Edison,* 96 Ala. 295; 60 Ala. 239; 82 Ala. 432; 7 Ala. 217; 2 Port. 484; 1 Cyc. 416.

GREGORY L. SMITH, GEORGE W. JONES, and TILLMAN, BRADLEY & MORROW, for appellee. Under the record in this case, it is clear that complainants are not entitled to the relief prayed, as it fully appears that all the ac-

counts had been fully stated, and there is no allegation of fraud, authorizing the chancery court to open any items thereon.—*Ware v. Manning,* 86 Ala. 242; *Kilpatrick v. Hinson,* 81 Ala. 464; 1 Dan. Ch. Pr. 666; *Paulling v. Creagh,* 54 Ala. 646; *Hardt v. Hudmeyer,* 152 U. S. 558; see also 102 Ala. 216; 17 Ala. 667; 27 Ala. 317; 34 Ala. 77; Ala. 394; 1 A. & E. Enc. of Law, 460.

SAYRE, J.—Appellant had no faith in the bill which it filed in the court below for an accounting. The averment is that the defendant company had annually rendered to complainant company statements of the former's transactions in the operation of the latter's railroad, such statements showing items of receipts from all sources and disbursements on all accounts, that complainant's officers and directors had no reason to suspect the correctness of the accounts so rendered, but believed them to be just and correct, after investigating the same with reasonable diligence as they were rendered from time to time without discovering anything to the contrary. This bill was filed nevertheless because Henry B. Gray, a stockholder of the complainant corporation, had addressed a communication to the governing board in which he stated his belief that the defendant company had never made a full, correct, and just accounting, and demanding that such accounting be had and procured by legal process if necessary. After the defendant company had refused to account further, this bill was filed. The record shows that afterwards Gray filed his petition to be allowed to intervene and to be made a party to the record on the ground that, to state it briefly, the defendant company, through its ownership of not less than ninety per centum of the capital stock of the complainant company, had dictated the election of the directors of the latter company; that the de-

fendant company had dominated the directors so elected by it; that said directors were mere tools of the defendant company; that this suit was collusive, and not being prosecuted in good faith; and that complainant should not be allowed to further control the litigation. Gray's right to intervene was questioned by both the complainant and defendant companies, and was denied by this court for reasons which will be found stated in *Ex parte Gray*, 157 Ala. 358. Without assuming to consider for a moment the merits of the controversy which Gray sought to inject into the record, we intend only to say that with that feature of the case we have no concern at this time. If Gray's allegations in respect to the conduct of this litigation be true, we are unable to so affirm on the record before us, and doubtless he will be afforded whatever relief he may be entitled to have in a bill of his own notwithstanding the result here. The cause is now to be treated upon the presentation of it made by the proper parties to the record.

Recurring then to the bill, it is shown that since 1872 the complainant company's railroad had been operated by the defendant company under an agreement then entered into by the parties here, and the contractors then engaged in its construction, by the terms of which the defendant company provided for the completion of the road, took possession thereof, and have since operated the same for the account of the complainant company. The further averment, made on the information furnished by Gray and such belief as the directors of complainant company accorded to that information, is that defendant company has never made a full, complete, and honest accounting of its use and operation of complainant's railroad for complainant; that receipts and cost of operation have not been justly apportioned between complainant's road and other roads of the in-

clusive system or roads operated by the defendant company; that the accounts rendered by the defendant company prior to the filing of the bill were incorrect, unjust, and inequitable; and that upon a fair statement of the accounts, which are averred to be technical, intricate, involved, and composed of innumerable items covering a period of more than 30 years, the evidence of which was in the exclusive possession of the defendant, it would be found that a large sum was due to complainant from defendant. By answer and plea defendant affirmed that the accounts which it had rendered from time to time were just and accurate as the directors of the complaining company believed them to be, and that it had fully accounted. In connection with an averment that it had accounted from year to year for all its transactions in the operation of complainant's railroad, defendant pleaded the statutes of limitation of three and six years to so much of complainant's bill as sought an accounting of transactions prior to three and six years next before the filing of the bill.

Gray was examined by the complainant, but he knew nothing of the merits of the accounts rendered except what he had learned by hearsay, and to that defendant objected. Other witnesses examined were directors of the complainant company. Their testimony went to show annual accountings and the diligence of the complainant company's board of directors in the examination, audit, and approval thereof. On submission for final decree the bill was dismised.

On behalf of the appellant, authorities are cited which establish generally the right to an accounting in a court of equity where the accounts are greatly complicated. The proposition of these authorities is not denied by the appellee, nor is it denied by demurrer that on the facts stated by Gray in his demand upon the complain-

ant company's board of directors complainant company would be entitled to an accounting. The insistence for appellee is that the accounts may not be reopened unless upon specific allegation and proof of mistake affecting particular items, or upon allegation and proof of fraud, imposition, or undue advantage taken, which would affect each account in its entirety; the burden of allegation and proof resting upon the party objecting to the accounts. The contention is that complainant has not shown such a case. This contention must be sustained. The bill does not allege as facts that those things which were stated as facts by Gray in his petition for intervention, nor does it make good the intimations of his communications to the directors of the complaining company. The bill contains no such specific allegations of error as to particular items as would call for a surcharging of the accounts, nor does it aver such fraud as would authorize a court of equity to open in its entirety any one of the accounts stated between the parties.—*Kilpatrick v. Henson*, 81 Ala. 464, 1 South. 188; *Paulling v. Creagh*, 54 Ala. 646. To the case stated, as well as to the case proved, proof of the allegation, found alike in the bill and answer, that the several accounts had been stated between the parties is a perfect answer. The fact is proved without conflict; nor is there proof of fraud or specific error.

It results that the decree of the chancery court must be affirmed.

Affirmed.

DOWDELL, C. J., and ANDERSON and EVANS, JJ., concur.