(93 South. 420)

**CROWSON v. CODY et al.   (3 Div. 526.)**

(Supreme Court of Alabama. Nov. 3, 1921. Rehearing Denied May 11, 1922.)

**1. Pledges ⬤⇒1—Assignment of mortgage held a pledge.**

Assignment of a mortgage by the mortgagee to his creditor as collateral security for his indebtedness *held* a pledge of the mortgage, creating responsibilities on the part of the pledgee to the pledgor similar to those of a trustee.

**2. Pledges ⬤⇒51 — Bills in equity against pledgee for accounting and discovery.**

Some ground of equitable jurisdiction must be shown in order to maintain a bill by pledgor against pledgee, who has redeemed from a mortgage sale, to protect the collateral, seeking accounting, discovery, and a sale of the property and distribution of the proceeds; the relationship of the parties not alone sufficing.

**3. Compromise and settlement ⬤⇒22—Fraud, undue advantage, accident, or mistake must be clearly pleaded.**

A settlement of accounts may be reopened for fraud or imposition, or for the correction of errors or omission; but equity exercises such jurisdiction only on clear and precise allegations of fraud, undue advantage, accident, or mistake.

**4. Discovery ⬤⇒19—Bill showing knowledge of facts not good.**

Where it may be reasonably inferred from averments that complainant has full knowledge of the facts inquired of, a bill is not sustainable as one for discovery.

**5. Pledges ⬤⇒51 — Holder of prior mortgage held improperly joined as defendant in suit for accounting as to subsequent mortgage pledged as security.**

Where a bill for an accounting and discovery as to proceeds of a redemption of a prior mortgage by defendant under a mortgage assigned to him as security sought to have lands covered by the assigned mortgage sold and the proceeds applied to the reimbursement of defendant for redeeming the land, to the payment of a mortgage held by a third party, and to the payment of plaintiff's indebtedness to defendant, with the remaining balance to plaintiff, such third party was improperly joined as defendant.

Appeal from Circuit Court, Montgomery County; Walter B. Jones, Judge.

Bill by J. C. Crowson against Michael Cody and others for accounting and discovery. From a decree sustaining demurrers to the bill, complainant appeals. Affirmed.

W. A. Gunter, of Montgomery, for appellant.

The appellant as pledgor was entitled to maintain this bill. 2 Black, 619, 17 L. Ed. 309; Jones on Pledges, §§ 1–14; 14 Wis. 687; 41 Eng. Rep. 990; 200 Mass. 414, 86 N. E. 777, 16 Ann. Cas. 123; 19 R. C. L. 243. The pledgee is trustee of the pledgor. 57 Ala. 108; 1 Beach on Trusts and Trustees, §§ 158, 159; Hill on Trustees, 171–173. On foreclosing, statutory right to redeem passes to all who take by descent or contract. Code 1907, § 5746; 17 N. D. 466, 117 N. W. 453, 29 L. R. A. (N. S.) 508, 138 Am. St. Rep. 717; 115 Ala. 466, 22 South. 15. One holding as trustee for his pledgor and himself as pledgee, who redeems before or after foreclosing, acts for his cestui as well as himself. 200 Mass. 414, 86 N. E. 777, 16 Ann. Cas. 123; (Mo.) 213 S. W. 31, 6 A. L. R. 297; 84 N. J. Eq. 459, 94 Atl. 572, L. R. A. 1918B, 731.

Ball & Beckwith, of Montgomery, for appellees.

The bill is insufficient as one for discovery or accounting, it appearing that a complete settlement was had by the parties and no fraud being averred. 4 Pom. Eq. Jur. § 1420. No payment or tender by complainant is shown by the bill, which is necessary to reinvest pledgor with right of possession of pledge. 31 Cyc. 852–854; Jones on Pledges, § 541; 3 Story, Eq. Jur. (14th Ed.) § 1380; 113 Ala. 372, 21 South. 75; 34 Ill. 508.

PER CURIAM. The bill in this case shows that the Tri-State Realty Company executed

three mortgages on the same real estate to secure the respective indebtednesses maturing on different dates. The first and superior mortgage was duly foreclosed under the power therein, and purchased by the holder of the mortgage. The two other mortgages were executed to the appellant, Crowson; the second in point of time Crowson assigned to one Allison; and the third mortgage for $16,500 he assigned to Cody as collateral security for his indebtedness to him. The holder of the first mortgage sold the property to the Mabry Securities Company, and the bill alleges that Cody, as mortgagee under the transfer made by complainant to him of said $16,500 mortgage, redeemed said mortgage from the mortgage sale, and obtained a deed therefor. This deed is made an exhibit, showing its execution on April 1, 1919, and a consideration of $13,696.28.

Crowson and Cody had previous to these transfers been engaged in the business of buying and selling real estate: Cody to furnish the funds and Crowson to have active management thereof. The operations of this business were closed on October 19, 1915. The amount of the indebtedness found to be due by Crowson to Cody was represented by a note for $16,050, and secured by the transfer of the mortgage above referred to.

This bill is filed by Crowson against Cody, as well as Allison, upon the theory that the redemption by Cody from the foreclosure sale of the first mortgage inured to Crowson's benefit, as well as the benefit of Allison, subject to Cody's equity to have his expenditure in redeeming the property paid to him. The prayer of the bill is for an accounting as to the indebtedness due by Crowson to Cody, as well also the amount due upon the mortgage held by Allison, and that the lands be sold under order of the court, the proceeds to be applied (1) to the payment of the costs; (2) to the reimbursement of Cody for redeeming the land; (3) to the payment of the Allison mortgage; and (4) the balance, if any, upon Crowson's indebtedness to Cody, with the remaining balance to Crowson. Allison had also filed a bill against Cody, seeking to redeem, but the decision of this court was adverse to his contention. Allison v. Cody, 206 Ala. 88, 89 South. 238.

It is insisted by counsel for appellant that the Allison Case is without any controlling influence upon the case here presented. Upon a reconsideration of that question, we are persuaded that this position is correct.

[1, 2] The assignment of the mortgage by Crowson to Cody as collateral security for his indebtedness was in substance a pledge of the mortgage, thus creating the relationship of pledgor and pledgee, where the responsibilities of the latter to the former are similar to those of a trustee. Keeble v. Jones, 187 Ala. 207, 65 South. 384; Hicks v. Dowdy, 202 Ala. 535, 81 South. 37; Nelson v.

Owen, 113 Ala. 372, 21 South. 75. In the latter case, speaking of the right of the pledgor to file a bill in equity to redeem, the court quoted approvingly the following from Judge Story:

"Generally speaking, a bill in equity to redeem will not lie on behalf of the pledgor or his representative, as his remedy upon a tender is at law. But if any special ground is shown, as if an account or a discovery is wanted, or there has been an assignment of the pledge, a bill will lie."

Whether the security be a chattel or chose in action, the payment of the debt by the pledgor revests in him the beneficial interest, and he becomes again the absolute owner; and payment or tender of payment is the only means whereby the pledgor can by his own act revest himself with the right of possession of the pledge. Jones on Pledges, § 540. It is also held by the same authority that as a general rule a bill in equity does not lie to redeem property from a pledge, but that a special ground for a proceeding in equity must be shown, as a discovery or an accounting, or if there has been an assignment of the pledge, and, if the ground be the necessity of an accounting, the accounting must be a real one. Jones on Pledges, §§ 556, 557.

The complainant fails to show that he made any tender of the amount of the debts due Cody, or any effort to pay the same, and, indeed, construing the pleadings most strongly against the pleader, he does not now offer to pay the amount of his indebtedness, or to reimburse Cody for his expenditure in redeeming the property from the first mortgage sale, but merely seeks to have the court order a sale of the property, with the distribution of the proceeds hereinbefore stated. The bill discloses that Cody still has the mortgage transferred by complainant to him as collateral security. The amount which Cody has expended in what is referred to as his redemption from the first mortgage sale was, it may be assumed, so far as the present bill discloses, necessary for the protection of the collateral which he held, and for which the bill concedes he should be reimbursed. It therefore appears that some special ground of equitable jurisdiction must be shown in order to maintain the bill. The relationship alone of the parties will not suffice for the purpose of an accounting or discovery. Hall v. McKeller, 155 Ala. 508, 46 South. 460.

[3, 4] The bill shows that at the close of complainant's transactions with Cody the amount of the indebtedness due Cody was ascertained and a note executed, with collateral security therefor. It was therefore a settled account. The settlement was, of course, not conclusive, but may be reopened for fraud or imposition, or for the correction of errors or omissions, as equity has authority to open and re-examine an account stated,

if there has been mistake, accident, fraud, or undue advantage. This jurisdiction, however, is cautiously exercised, only on clear and precise allegations of fraud, undue advantage, accident, or mistake. No averments of fraud appear as to the execution of this note, and only very general language as to any mistake. The bill is insufficient as one seeking an accounting, and appropriate demurrers were interposed thereto. Paulling v. Creagh's Adm'r, 54 Ala. 646; Beggs v. Edison Elec. Co., 96 Ala. 295, 11 South. 381, 38 Am. St. Rep. 94; S. & N. R. R. Co. v. L. & N. R. R. Co., 170 Ala. 265, 53 South. 1016; Pollak v. Claflin, 138 Ala. 644, 35 South. 645; Wynn v. Tallapoosa County Bank, 168 Ala. 469, 53 South. 228. From the averments of the bill it is to be reasonably inferred that the complainant had full knowledge of all the facts inquired of in the interrogatories, or, at least, it appears no necessity for discovery is shown, and the bill could not be sustained as one for discovery. Hulsey v. Walker County, 147 Ala. 501, 40 South. 311.

[5] The bill makes Allison a party respondent, and seeks to have Allison's mortgage given priority of payment to the mortgage held by Cody as collateral security. Respondent Cody had no transactions with Allison, and Allison's right to redeem has been denied by this court. It would seem that this was a matter entirely unrelated to complainant's suit, and that appropriate demurrers were also interposed taking this point. The demurrer to the bill was properly sustained, and the decree of the court below will therefore be here affirmed. The complainant will be given 30 days within which to amend the bill.

Affirmed.

ANDERSON, C. J., and SAYRE, GARDNER, and MILLER, JJ., concur.