**ALLISON v. CODY et al.** (3 Div. 586.)

(Supreme Court of Alabama. Jan. 18, 1923. Rehearing Denied Feb. 8, 1923.)

1. **Appeal and error** ⚖═➤1099(6)—**Decree sustaining demurrer to amended bill averring no material change of status considered on former appeal affirmed.**

A decree sustaining a demurrer to a bill, which, as amended after affirmance of a decree for defendant on a former appeal, wrought no material change in respect to the parties' status as considered on the former appeal, affirmed.

*On Rehearing.*

2. **Appeal and error** ⚖═➤236(2)—**Decree in term time dismissing bill "as amended" not reversed as not allowing opportunity to amend where privilege was not sought or denied.**

Where the record does not disclose that the privilege of amending the bill was sought by plaintiff or denied by the court on sustaining a demurrer thereto, a decree made in term time dismissing the bill "as amended" will not be reversed as not allowing opportunity to amend.

Appeal from Circuit Court, Montgomery County; Leon McCord, Judge.

Bill by H. B. Allison against Michael Cody and another. Decree for defendants, and complainant appeals. Affirmed.

For statement of the case, see 206 Ala. 88, 89 South. 238.

The decree here appealed from, filed July 25, 1922, recites:

"It is hereby ordered, adjudged, and decreed that said demurrers be, and the same are hereby, sustained, and the bill of complaint as amended is dismissed out of court at the cost of the complainant, for which let execution issue."

The only action thereupon taken by complainant, as shown by the record, was the filing of security for costs of appeal as follows:

"The complainant desiring to take an appeal to the Supreme Court from the judgment rendered in the lower court, we acknowledge ourselves sureties for all costs of such appeal. This 21st day of August, 1922.

"H. B. Allison.
"J. A. Olin.
"J. L. Jordan.

"Approved August 29, 1922.
"Harris Gunter, Register.
"Filed in office 29th day of August, 1922.
"Harris Gunter, Register."

W. A. Gunter, of Montgomery, for appellant.

A bill out of court, dismissed, cannot be amended. An opportunity to amend after demurrer sustained was not afforded, and the decree was in error. Code 1907, § 5369; 130 Ala. 584, 30 South. 568; 72 Ala. 300; 74 Ala. 213; 75 Ala. 317; 83 Ala. 317, 3 South. 597; 94 Ala. 236, 10 South. 654; 113 Ala. 577, 21 South. 337; 108 Ala. 309, 19 South. 357; 74 Ala. 121; 69 Ala. 502; 52 Ala. 167.

Ball & Beckwith, of Montgomery, for appellees.

Counsel argue that the decision on former appeal disposes of the case. · 206 Ala. 88.

McCLELLAN, J. · [1] The report of this cause on former appeal appears in 206 Ala. 88, 89 South. 238. The amendment of the bill on June 14, 1922, after affirmance here, wrought no material change of the bill in respect of the status considered on former appeal. · No confidential relation, such as that of pledgor and pledgee (Crowson v. Cody, 207 Ala. 476, 93 South. 420), is shown in the amended bill to have existed with respect to Allison, the complainant, and the defendant Cody, who effected statutory redemption as stated on former appeal of this cause. The decree of July 25, 1922, sustaining demurrer to the bill as amended is affirmed upon the authority of Allison v. Cody, 206 Ala. 88, 89 South. 238.

Affirmed.

ANDERSON, C. J., and SOMERVILLE and THOMAS, JJ., concur.

*On Rehearing.*

[2] The contention that error to reverse affects the decree sustaining demurrer to the amended bill, in the particular that the decree dismissed "the bill of complaint as amended," without allowing opportunity to amend, is not well founded, for that the ruling was made in term time, and the record does not disclose that the privilege of amendment was either sought by appellant or denied by the trial court upon the occasion of sustaining the demurrer to the amended bill. Mohon v. Tatum, 69 Ala. 466, 470; Buford v. Ward, 108 Ala. 307, 314, 19 South. 357.

The rehearing is denied.

ANDERSON, C. J., and McCLELLAN, SOMERVILLE, and THOMAS, JJ., concur.

⚖═➤For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes