# Sharpe, *et al. v.* Miller.

*Bill by Mortgagee to Cancel Mortgage Held by Another Mortgagee if Paid, and for Redemption and Foreclosure.*

(Decided Nov. 19, 1908.   47 South. 701.)

1. *Equity; Relief; General Prayer.*—A party may obtain relief under the general prayer of the bill on the facts stated in the bill, though mistaken in his special prayer for relief.

2. *Same; Bill; Amendment; Departure.*—Where complainant, in addition to prayer for general relief, prayed for a reference and sale of the land, with an application of the proceeds, first to the payment of a prior mortgage, and an application of the balance to the mortgage held by complainant, an amendment alleging the same fact but praying for a decree of redemption from the prior mortgage, was not objectionable as a departure.

3. *Same; Repugnancy.*—The amendment of a prayer to conform to the facts, where the pleader has mistaken the relief to which he is entitled in the original prayer, does not constitute a repugnancy.

4. *Executors and Administrators; Assets.*—A debt due by a husband to the wife, secured by mortgage on real estate, is a personal asset of the wife's estate the title to which passes to her administrator.

5. *Same; Right to Redeem.*—Where a mortgage given by the husband to the wife constitutes a junior lien, on the death of the wife her administrator was entitled to protect such security and enforce the payment of the mortgage by redeeming from a foreclosure under a prior lien.

APPEAL from Marengo Chancery Court.

Heard before Hon. THOMAS H. SMITH.

Bill by J. M. Miller, as administrator of the estate of Julia Simmons, against A. Y. Sharpe and another. From a decree overruling demurrers to the bill, defendants appeal. Affirmed.

The facts made by the bill are. That Julia Simmons died intestate, leaving, surviving her, her husband, R. L. Simmons, and a minor child, Clarence Simmons. (2) That they are the sole heirs at law of the said Simmons. (3) That on the 26th day of February, 1907, the complainant duly qualified as administrator and letters of administration were issued,etc. (4) that on the 31st day of August, 1893, R. L. Simmons was indebted to Julia Simmons in a large sum of money, to wit, $2,000, and did on said date, to secure the payment of said sum, make, execute, and deliver to said Julia Simmons a mortgage, which is attached as an exhibit to the bill, which said mortgage was filed and recorded on the 10th day of June, 1895, in the probate office of Marengo county, Ala., and can be found in Mortgage Book 68, page 243, in said office. That the said Julia Simmons was a woman ignorant of and unversed in the transaction of business, and was not informed of the effects or consequences of placing said mortgage on record, or withholding the same from record, and did not become so informed until immediately prior to the time said mortgage was recorded. (5) That on the 9th day of May, 1895, R. L. Simmons did make, execute, and deliver to one J. S. Hanley a mortgage on the lands described in said first exhibit, and that the said Julia Simmons, who was the wife of said R. L. Simmons, joined in the execution of said mortgage, which is also made on exhibit to the bill. The superiority of the lien created by the mortgage made to Hanley over that made to Mrs. Simmons was admitted. It is then alleged that Hanley transferred his mortgage for a valuable consid-

eration to one Wollner, and later said Woolner, without the knowledge or consent of Simmons or complainant, transferred the mortgage to A. Y. Sharpe for consideration. (6) That on the 9th day of July, 1895, A. Y. and G. G. Sharpe recovered a judgment against R. L. Simmons in the circuit court of Marengo county, and that execution was issued out of said court and levied upon the lands described in the mortgage, and same were sold, and the said A. Y. Sharpe became the purchaser at the sale; and that the said Sharpe brought an action of ejectment against Simmons to recover possession of said land, recovered a judgment, and went into possession of the same, and has remained in possession of the same ever since. (7) That the estate of Julia Simmons has no assets, except the said mortgage of which Exhibit A is a copy, and on account of lack of assets said defendant cannot pay off said mortgage of which Exhibit B is a copy, and that no payments have been made on said Exhibit A mortgage except the sum of $50. The prayer is for a reference to ascertain the amount due on the mortgage from Simmons to Hanley, under various transfers to Sharpe, and to ascertain the amount due on the mortgage from Simmons to Julia A. Simmons, and for a sale of the land, with an application of the money first to paying off the Sharpe mortgage, and the balance to be applied to the paying off of the Julia Simmons mortgage, and for general relief. The bill was amended by striking out paragraph 7, and by inserting in lieu thereof the following:

"(7a) Your orator further avers that he is informed, and on such information states, that said R. L. Simmons has made numerous and sundry payments to the said Hanley and said Wollner on the said mortgage debt to them; the exact amount of such payments being unknown to your orator." It is further averred, on in-

formation and belief, that the mortgage has been paid in full; but, if it be ascertained that in this he is mistaken, he submits himself to the jurisdiction of the court, and offers to pay whatever may be found to be due. The prayer is amended by striking out of said prayer all the words after the words, in said prayer, "mortgage from Simmons to Hanley and his transferees," and adding the following: "That the said register ascertain and report the several payments made on said mortgage debt by the said R. L. Simmons, and what amount, if any, there be due on said mortgage; (2) what would be the rental value of the lands described in said mortgage during the time that said Sharpe has had the possession; (3) that after allowing and giving credit upon said mortgage debt for all payments made by the said Simmons and a reasonable rental value of the land, if said amount was sufficient to pay said mortgage, then your honor will order and decree that said mortgage debt be canceled and said mortgage delivered up; (4) that if there remains any amount due upon said mortgage debt your honor will order and decree redemption of the real estate." eac. Demurrers were interposed to the bill as amended, raising a question of departure from the original bill, and reinterposing the demurrer interposed before amendment.

GEORGE W. TAYLOR, and BENJAMIN F. ELMORE, for appellant. The amended bill is clearly a departure.— *Wimberly v. Montgomery Fert. Co.*, 132 Ala. 107; *Parks v. Lyde*, 90 Ala. 246; *Harrison v. Maury*, 140 Ala. 523; 5 Mayf. 341; *Ward v. Patterson*, 75 Ala. 207; *Marshall v. Olds*, 86 Ala. 298; *Collins v. Stix, et al.*, 96 Ala. 338. The property is a junior mortgage which conveys only an equity of redemption, which descends to the heirs at law, and under the allegations of the bill belongs to Simmons, the husband of complainant's intestate.— *Childress v. Monnette*, 54 Ala. 317; *Atchinson v. Broad-*

*head,* 56 Ala. 414. The personal representative even of the mortgagor has no power over the land except to intercept for the payment of debt.—*Lee v. Dannelly,* 68 Ala. 98; *Johnson v. Kyser,* 127 Ala. 209. Under the facts in this case the subsequent appointment of the administrator does not affect the title.—12 Ala. 532.

J. M. MILLER and DEGRAFFENRIED & EVINS, for appellee. The amendment was not a departure.—*Berry v. Tenn. R. R. Co.,* 134 Ala. 615; *McDonald & Co v. Finch,* 131 Ala. 85; *Ingraham v. Foster,* 31 Ala. 123. An administrator under the facts in this case may file a bill to redeem.—*Griffith v. Rudesill,* 141 Ala. 200; *Enos v. Sutherland,* 11 Mich. 11 A. & E. Ency of Law, 224.

DOWDELL, J.—The relief, if any, to which a complainant may be entitled, must be determined from the facts stated in the bill. A party may be sometimes mistaken in his special prayer for relief on the facts stated, and yet obtain relief under his general prayer; hence the value and importance of a general prayer.—*McDonnell v. Finch,* 131 Ala. 85-90, 31 South. 594.

There is no repugnancy between the original bill and the amendment allowed in the case before us; nor was there any departure in the amendment from the original bill. On the facts stated in the original bill, the relief, if any, to which the complainant was entitled, was the right of redemption, and not the relief asked in his special prayer. The amendment, in its averments as to facts, made no change in the legal aspects of the case as presented by the original bill, and the amendment of the special prayer for relief was permissible and proper. Where a pleader has in his prayer mistaken the relief to which he is entitled on the facts stated in his bill, the amendment of his prayer conformable to the facts does not constitute a repugnancy.—*Ingraham v. Foster,* 31 Ala. 123; *Berry v. Tenn. & Coosa Railroad Co.,* 134 Ala. 618, 33 South. 8; Mayfield's Digest p. 341.

The debt of R. L. Simmons to Julia Simmons was a personal asset, the title to which upon the death of Julia Simmons, vested in the administrator, her personal representative, and the mortgage given to secure this debt likewise passed to the personal representative. It was by virtue of this mortgage that the right of redemption here sought to be enforced, arose. Clearly the administrator had the right, as it was his duty, to avail himself of the remedy afforded by the mortgage to collect the debt due the estate, and to this end, if need be, to remove a prior incumberance on the mortgaged property. We think, under the facts of this case, there can be no doubt of the right of the administrator to redeem. —*Griffith v. Rudisill,* 141 Ala. 200, 37 South. 83.

The chancellor properly overruled the demurrer to the bill as amended, and his decree will be affirmed.

Affirmed.

TYSON, C. J., and ANDERSON and McCLELLAN, JJ., concur.