## O'REAR et al. v. FEDERAL LAND BANK OF NEW ORLEANS.

### 6 Div. 201

Supreme Court of Alabama.

June 15, 1933.

Bolivar B. O'Rear, of Jasper, for appellants.

J. P. Middleton and Ernest B. Fite, both of Hamilton, for appellee.

BOULDIN, Justice.

The appeal is from a decree overruling demurrers to a bill in equity.

The bill was filed by the Federal Land Bank of New Orleans for the foreclosure of a mortgage on real estate.

It avers a loan of money to respondents Caine O'Rear and C. W. Stubblefield, secured by mortgage on described lands, payable on the usual amortization plan; that default has been made in the payment of certain installments as well as for nonpayment of taxes on the property, which, by terms of the mortgage, made exhibit to the bill, gives a right of foreclosure.

Without further details, the bill has equity as a bill for foreclosure.

Further averments of the bill disclose that,

90

at the time complainant's mortgage was executed, there was an outstanding mortgage on this and other lands given by the same mortgagors to Clovis Pearce for purchase money; that as a part of the transaction a release was to be obtained from Pearce releasing the lands covered by the Federal Land Bank mortgage as against such mortgage; that the check for the loan named Pearce as one of the payees, who indorsed the check in due course, and executed the required release, but such release was delivered to one of the mortgagors who never put the same to record, so that, as the record stands, the Pearce mortgage is a prior mortgage to that of complainant.

The bill further avers that some four years later an assignment of this first mortgage was made by Pearce in regular form to American Mining Company, a corporation in which one of the mortgagors is interested, and who negotiated the assignment and transfer; that this assignment has been recorded; that the assignee had knowledge or notice at the time that such mortgage had been released as against the mortgage of the Federal Land Bank.

The bill makes the American Mining Company a party respondent, and prays that its mortgage be decreed to be subordinate to that of complainant, and declared void as against the rights of complainant.

The American Mining Company is a proper party respondent, and on the above averments complainant is entitled to the relief stated.

Other averments claim the Pearce mortgage has been in fact paid and satisfied, and the assignment of same is a fraud on the rights of complainant. In the absence of averments of any intention on the part of the assignee to claim such mortgage to be a superior lien to that of complainant, the averments of fraud are insufficient. But there is no special prayer for relief on the theory of fraud.

Appellants argue that, because the mortgage to complainant recites an indebtedness of $15,000, and shows the amount of the check sent to the local association to be less than $10,000, presumably the proceeds of a $10,000 loan, the bill makes no case for foreclosure, or other relief sought.

Whatever equities between any of these parties may grow out of such situation is matter for answer or cross-bill.

The demurrers were overruled without error.

Affirmed.

ANDERSON, C. J., and GARDNER and FOSTER, JJ., concur.