181 So. 492

### DODSON v. PROTECTIVE LIFE INS. CO.

#### 6 Div. 257.

Supreme Court of Alabama.

May 12, 1938.

112

Cabaniss & Johnston and K. E. Cooper, all of Birmingham, for appellee.

Richard D. Gilliam, Jr., of Birmingham, for appellant.

FOSTER, Justice.

The bill in this case sought relief which was granted in the final decree for the foreclosure of a mortgage executed by one Hicks in July 1927, to Smith-Schultz and Hodo Realty Company, and by them transferred to complainant, which is the appellee here, and to clear the title in respect to an older mortgage. One Brush, owning three vacant lots, on January 28, 1927, made a first mortgage on them to appellant Dodson. On the next day, he deeded to Prince one of them, lot number six, here in question.

■ It is not alleged in the pleadings nor proven that Prince was an innocent purchaser for value without notice, and protected under section 6887, Code, though the mortgage had not been filed for record at that time. Prince deeded lot number six to Hicks in June 1927, after the Dodson mortgage was recorded. In July, 1927, Hicks mortgaged it to said Smith-Schultz and Hodo Realty Company. On October 20, 1927, Smith-Schultz and Hodo Realty Company assigned said mortgage to complainant. So that complainant had notice under the statute of the Dodson mortgage, as did also Smith-Schultz and Hodo Realty Company, and Hicks as well as Prince. Wittmeir v. Leonard, 219 Ala. 314, 122 So. 330; 66 Corpus Juris p. 1144, § 985, p. 1137, § 971.

On May 3, 1927, the Dodson mortgage, then of record, was assigned by Dodson to United States Bond and Mortgage Company as additional collateral security for a debt of $1100.00 principal, reciting that when that amount with interest is paid the assignment is to be void and of no effect. By instrument undated, but said to be executed October 20, 1927, and filed for record October 24, 1927, United States Bond and Mortgage Company executed by its secretary and treasurer an instrument reciting payment of $5.00 by Smith-Schultz and Hodo Realty Company in consideration of which it released from the Dodson mortgage lot number six, here in question.

■ The effect of that release seems to be the crucial point as respects the contro-

versy on this appeal. It is first insisted that its due execution is not shown. But in that respect, it is controlled by section 6862, Code, since it shows on its face that it was executed by a corporation by a person as secretary, and acknowledged by him as such officer and before a notary public in the form of acknowledgment prescribed for corporations under section 6840, Code. This is prima facie evidence of execution by an officer with due authority, for the corporation. There is no evidence to impeach that effect.

■ But it is not insisted by appellee that the pledgee had the right to release this lot from the mortgage which it held as collateral security without the consent of the pledgor. This is properly deducible from the principles which control that relation, even though in this instance there was more than a mere pledge. When there is but a pledge, the title of the pledged property remains in the pledgor, with a special property right in the pledgee, such as is true in other bailments. Minge v. Clark, 193 Ala. 447, 69 So. 421.

■ But here the pledgee was also vested with the legal title, subject to the defeasance here expressed, often merely implied. Federal Land Bank v. Branscomb, 213 Ala. 567, 105 So. 585; Crowson v. Cody, 207 Ala. 476, 93 So. 420; First National Bank v. Morgan, 213 Ala. 125, 104 So. 403; Persons v. Russell, 212 Ala. 506, 103 So. 543.

Appellee, satisfactorily proved that Mrs. Dodson gave verbal consent to such release for a valuable consideration.

■ Appellants rely in argument upon the statute of frauds to defeat the effect of such agreement by Mrs. Dodson. But the statute was not here pleaded, nor presented in demurrer to the complaint. While it is now settled that a contract within the statute is void if it is not complied with, and not merely voidable, it is a personal defense, and is waived by not pleading it. Johnson v. Maness, 232 Ala. 411, 168 So. 452; Ex parte Banks, 185 Ala. 275, 64 So. 74; Lackland v. Turner, 207 Ala. 73, 91 So. 877; Sloss v. Glaze, 231 Ala. 234, 164 So. 51; Shakespeare v. Alba, 76 Ala. 351.

■ However that may be, it is our opinion that this contract of Mrs. Dodson is not within the statute of frauds, although an agreement to release land from a mort-

114

gage is within it. Osborne v. Waddell, 176 Ala. 232, 57 So. 698; Barker v. Bell, 37 Ala. 354, 359; McCoy v. Wynn, 215 Ala. 172, 110 So. 129.

As is also a release of the equity of redemption in land where such equity is secured by a defeasance expressed in writing. McMillan v. Jewett, 85 Ala. 476, 5 So. 145; Hughes & Tidwell Supply Co. v. Carr, 203 Ala. 469, 83 So. 472.

When a mortgagee of realty has assigned the mortgage as a pledge to secure his debt, and executed the assignment so as to convey the legal title, nothing remains in him but a right to redeem such mortgage from the pledgee. He does not redeem the land included in the mortgage, for he has not mortgaged land but a chose in action secured itself by a mortgage. The equity of redemption of land rests only in one who owns the land subject to the mortgage. The pledgor of a mortgage is not the owner of land subject to a mortgage. The owner of a mortgage before foreclosure, especially before maturity, owns an item of personalty, a chose in action, though land is embraced in it. It descends to distributees not heirs of a deceased holder. Sharpe v. Miller, 157 Ala. 299, 47 So. 701; Bright v. Wynn, 210 Ala. 194, 97 So. 689.

The consent here given related to a right she had in a chose in action secured by a mortgage, after she had conveyed the legal title to it all. She had only a right to redeem personalty, and the interest in land was only incidental to and followed the personalty. The waiver of the right could therefore be given verbally. Not being an interest in land, she may affirm the act of her pledgee by any decisive conduct by her, though not done in writing, nor effectual as an estoppel. We think she has thus elected by accepting and retaining for several years the benefit derived from the release with knowledge of its existence, and does not even now offer to disaffirm and return the consideration thus paid. Pollak v. Janney, 100 Ala. 561, 13 So. 661; Nelson v. Owen, 113 Ala. 372, 21 So. 75; section 6744, Code; 49 Corpus Juris 951, § 108; 21 R.C.L. 676, § 38.

The bill is not subject to demurrer in respect to that aspect on which relief was granted. O'Rear v. Federal Land Bank, 227 Ala. 89, 149 So. 96.

It need not be considered in other aspects, since as to them no prejudice exists on ac-

count of the ruling, not now considering the demurrer in that respect.

Affirmed.

ANDERSON, C. J., and GARDNER and BOULDIN, JJ., concur.