274 So.2d 71

**Sharon Aletha PHILLIPS**

v.

**Ira PHILLIPS, Jr.**

**Civ. 40.**

Court of Civil Appeals of Alabama.

Jan. 10, 1973.

Rehearing Denied Feb. 7, 1973.

Roy D. McCord and J. A. Hornsby, Gadsden, for appellant.

Simmons, Torbert & Cardwell, Gadsden,
for appellee.

HOLMES, Judge.

This is an appeal from the Circuit Court
of Etowah County, Alabama, in Equity,
wherein a divorce *a vincula matrimonii*
was entered.

The divorce was granted on the ground
of incompatibility of temperament. This
ground for divorce was added as a ground
for divorce by our legislature in the regu-
lar session of 1971, being Act 222, amend-
ing Tit. 34, § 20, Code of Alabama 1940,
and reads as follows:

"The circuit court in equity has power
to divorce persons from the bonds of
matrimony, upon a petition filed by one
of the parties, entitled 'In re the mar-
riage of _____ and _____,' for the
causes following: . . . 7. Upon ap-
plication of either the husband or wife,
when the court is satisfied from all the
testimony in the case, that there exists
such a complete incompatibility of tem-
perament that the parties can no longer
live together."

The decree awarded to the appellant-wife the custody of the parties' minor child with reasonable visitation rights granted to the appellee-husband. The appellee was ordered to pay $35 per week as support for the minor child. Certain personal property was divided, and appellant was awarded a reasonable attorney's fee. Appellant was not awarded any sum for alimony.

Appellant brings to this court some eighteen assignments of error. Some of the issues raised by these assignments of error are matters of first impression in this state. The transcript in this cause is approximately five hundred pages in length and hopefully, in the interest of clarity, we will categorize the issues raised by appellant in her assignments of error and discuss thereunder the appropriate facts and law as it applies.

As we perceive appellant's brief, the first question to be decided is whether Tit. 34, § 20, Code of Alabama 1940, as amended, requires a divorce action to be styled "In re the marriage of . . ." in order for the court's jurisdiction to be invoked.

The pertinent facts as to this issue are that the original action when filed was styled "Ira Phillips, Jr. v. Sharon Aletha Phillips." After several preliminary proceedings the appellee-husband amended his bill to conform to the aforementioned statute; to wit, the amended bill was styled or entitled "In re the marriage of . . ."

The appellant argues that the court erred to reversal by not dismissing appellee's petition on timely motion by appellant because of the manner in which the matter was originally styled. Appellant contends that the words and phrases contained in Tit. 34, § 20, Code of Alabama 1940, as amended, are to be strictly adhered to or the jurisdiction of the court is not invoked.

There can be no dispute that appellee filed a cause for divorce. Jurisdiction of divorce cases is drawn from Tit. 34, § 20, Code of Alabama 1940, and is vested in the circuit court, in equity. Ex parte Phillips,

275 Ala. 80, 152 So.2d 144; Stephens v. Stephens, 251 Ala. 431, 37 So.2d 918; Kemp v. Kemp, 258 Ala. 570, 63 So.2d 702.

■ A bill in equity is not required to contain a title or caption. Terry v. State, 264 Ala. 133, 85 So.2d 449; Equity Rule 2.

■ Therefore, in this instance, the lower court's jurisdiction was invoked when the bill was filed.

While it is certainly better practice to follow the words of the statute, it appearing that appellee filed his cause for divorce from the bonds of matrimony in accordance with Tit. 34, § 20, of the Code, appellant's contention that the jurisdiction of the Circuit Court of Etowah County in this cause was not invoked for failure of appellee to style his cause "In re the marriage of . . ." is not well taken.

Appellant's further contention is that the trial court committed reversible error where the court, on proper motion by appellant, and after thirty days failure on the part of appellee to answer interrogatories more fully or completely, did not dismiss appellee's suit. The Code of Alabama 1940, Tit. 7, Appendix, Equity Rule 39(a), state in pertinent part:

"Defendant May Examine Plaintiff. If a defendant wishes to examine a plaintiff touching the subject-matter of the bill, or his defense, he may, before or after filing his answer, exhibit interrogatories to such plaintiff, which must be answered under oath within thirty days after service, unless otherwise ordered by the court; and upon his failure to answer within the time allowed, the bill must be dismissed as to such plaintiff, with costs, *unless the time to answer the interrogatories is extended.* . . ." [Emphasis added]

The record in this case shows that on May 29, 1972, during the trial of this cause, the trial court extended appellee's time to file more complete answers to said

interrogatories and overruled appellant's motion to dismiss.

The record further shows the filing of the interrogatories on this same date.

We do not find the trial court's action in this instance in any way prejudicial to the defendant as no showing of such prejudice was made and there was no abuse of the trial court's discretion in extending said time and not dismissing the bill of complaint. Matters of this sort necessarily are addressed to the sound discretion of the trial court and we observe no reason to interfere with its discretion in this instance. See Kay-Noojin Development Co. v. Kinzer, 259 Ala. 49, 65 So.2d 510.

In appellee's original bill of complaint his prayer for relief contained the following language, ". . . granting to defendant an absolute divorce from the defendant."

The prayer, after the taking of testimony, was amended by deleting the aforementioned phraseology and substituting the following, ". . . granting to plaintiff an absolute divorce from the defendant."

Appellant argues that the court committed reversible error in considering any testimony prior to the aforementioned amendment, and bases her argument on Equity Rule 40, Code of Alabama 1940.

In all candor we fail to fully comprehend appellant's argument in this regard.

We are clear to the conclusion that the amendment in the instant case added no new issue to the case; it merely corrected an apparent clerical error.

The case was a divorce suit from the outset, and both parties treated it as such.

Equity Rule 28, Code of Alabama 1940, provides for amendment as a matter of right at any time before the final decree and this rule is to be liberally construed.

In Sharpe v. Miller, 157 Ala. 299, 47 So. 701, the Alabama Supreme Court stated:

"Where a pleader has in his prayer mistaken the relief to which he is entitled on the facts stated in his bill, the amendment of his prayer conformable to the facts does not constitute a repugnancy. . . ." (157 Ala. at 303, 47 So. at 702)

We therefore find the court did not err to reversal in this instance.

Appellant additionally argues that the Alabama Legislature, in adopting incompatibility as a ground for divorce, did not intend such ground to apply in what has been called a contested divorce, but rather intended said ground to only apply where the parties admitted incompatibility as in a noncontested divorce.

Needless to say, determining legislative intent is always a difficult endeavor. However, we can find no basis in law or fact nor are any authorities cited to us from other jurisdictions, nor can we find any such authorities that would lead us to so determine.

We therefore find that the ground for divorce of incompatibility of temperament is not limited to those proceedings wherein the parties are in agreement.

The reasoning for the above determination is perhaps somewhat explained in that portion of this opinion concerning the proof required for a divorce on the ground in question.

The appellant's next contention presents to this court for the first time the question of what proof is required for the trial judge to be justified in granting a divorce on the ground of incompatibility.

This question necessitates some form of a definition of incompatibility, since, unfortunately, the legislature does not furnish us with one, and further necessitates a discussion of the role that fault by a party plays upon the ultimate determination of

whether or not the bonds of matrimony are to be dissolved.

This court has thoroughly researched the statutes and cases of those jurisdictions where incompatibility or a comparable ground exists, and Alabama is in a definite minority as there are only approximately six jurisdictions wherein such grounds exist.

Mr. Justice Hudspeth, in a specially concurring opinion in the case of Chavez v. Chavez, 1935, 39 N.M. 480, 50 P.2d 264, 101 A.L.R. 635, said:

" 'Incompatibility' is defined by the Century Dictionary as: 'The quality or condition of being incompatible; incongruity; irreconcilableness.' And Webster's New International Dictionary: 'Quality or state of being incompatible; inconsistency; * * * incapable of harmonious combination; incongruous; as, incompatible colors; incapable of harmonious association or acting in accord; disagreeing; as incompatible persons. * * *' Pope's Legal Definitions gives the following: 'Incompatibility. "The elements and qualities which may create incompatibility between persons elude exact definition, so varied are the circumstances and so dependent is such a state of feeling upon education, habits of thought and peculiarities of character. . . ." ' " (39 N. M. at 486, 50 P.2d at 267)

■ As seen from above, an exact definition of incompatibility, to meet all situations, is impossible. However, we do adopt the language of Burch v. Burch, 3 Cir., 195 F.2d 799, wherein it is stated that incompatibility refers to conflicts in personalities and dispositions so deep as to be irreconcilable and to render it impossible for the parties to continue a normal marital relationship with each other.

Incompatibility of temperament is antagonistic to the concept of fault or wrongdoing as a ground for divorce.

Incompatibility of temperament necessarily involves both parties. While one spouse may have a more normal temperament than the other and the overt acts evidencing incompatibility may come largely from the other spouse, it is inconceivable that a husband's temperament can be compatible with that of his wife if hers is incompatible with his.

■ If there is a clash of personalities, both must clash. The negative attitude of one may bring into expression the affirmative conduct of the other. Where incompatibility is the ground for divorce, fault should recede into the background and be superseded by the inquiry into the suitability of the spouses for each other as shown by the reality of their marital life. Burch v. Burch, *supra*; Shearer v. Shearer, 3 Cir., 356 F.2d 391 (1965) [dissenting opinion].

■ We therefore hold that either spouse may bring a divorce in Alabama on the ground of incompatibility of temperament, Tit. 34, § 20, Code of Alabama 1940, and may secure a divorce upon such ground without proving that the other spouse is in any way guilty of misconduct or is responsible for, or that his or her conduct or actions created such state of incompatibility.

■ If the incompatibility be established by the evidence in the trial court, a divorce may be granted without any specific determination as to whether either, both or neither of the parties is responsible or at fault as we traditionally consider fault. It is only incumbent upon the party bringing the action to establish by the evidence that a state of incompatibility exists.

■ In so holding, this court also determines that, as was stated in Hughes v. Hughes, Okl., 363 P.2d 155, the statutory ground of incompatibility does not permit the court to dissolve a marriage merely because its termination is desired by one or both parties, or that, conversely, when incompatibility of temperament is shown, a

divorce may not be denied solely because the defending spouse voices opposition to its granting.

A contrary holding would make incompatibility dependent in its application upon an agreement or a stipulation between the parties, and thus furnish a vehicle for a consensual divorce which the statute did not intend to sanction and which would be contrary to Tit. 34, § 26, Code of Alabama 1940. The condition or state of affairs constituting incompatibility must exist as a fact and proof thereof must be submitted by the proponent.

We also find that the trial court, in attempting to determine if such a state of incompatibility exists, should, as the determining factor, direct its attention to the fact of whether or not the marriage has, in truth, ended because of the hopeless disagreement and discord of the parties rather than to the causes of the unhappy state, whether they be volitional, or the result of predisposition or are of congenital origin on the part of one or both of the spouses. Del Peschio v. Del Peschio, 3 Cir., 356 F. 2d 402 (1966).

Consideration may be given of, but not necessarily limited to, whether or not there is conflict of personality; whether or not there is mutual concern for the emotional needs of each other; whether the marriage is characterized by financial difficulties, long physical separation, difference of interests, resentment, coolness, distrust and constant bickering; and antagonistic feelings that are irreversible and demonstrate an irremediable rift.

However, we do not believe incompatibility as a ground for divorce refers to petty quarrels and minor bickerings which may be merely evidence of normal human frailty.

Stated another way, where there is such a positive incompatibility of temperament as to render it impossible for the parties to live together in peace and happiness, a divorce may be granted on the ground of incompatibility of temperament. See Bassett v. Bassett, 56 N.M. 739, 250 P.2d 487; Poteet v. Poteet, 45 N.M. 214, 114 P.2d 91; Burch v. Burch, *supra*; Wegener v. Wegener, Okl., 365 P.2d 728.

It is our further finding that this new ground for divorce in Alabama gives to the trial court new discretionary power and its determination that a divorce should be granted or should not be granted on such ground will only be reversed if such decision is plainly and palpably wrong.

It appears the policy of the new statutory ground for divorce attempts to avoid the evils which have followed from the traditional American view of divorce, founded in general on the fault of a guilty spouse—the evils of migratory divorce (quickie), the prevalence of perjury and the widespread existence of collusion. We do not consider this statute with hostility, but recognize that on the profoundly important social question of divorce, it is the right of the Alabama Legislature to prescribe the causes for the civil dissolution of marriage. Shearer v. Shearer, *supra*.

With the above in mind, we look to the evidence in the matter now before us.

The evidence from the record reveals that the parties were married in March of 1970 and separated in November of 1971. There was one child born of this union, said child being approximately two months old at the time the divorce action was filed.

The husband testified that the parties argued a great deal; that these arguments were centered around the wife's housekeeping habits, and the wife's comments when the husband did not arrive home from work as early as the wife thought he should. He further testified that these arguments occurred when he would attempt to retire for the night and that, therefore, he did not get the proper sleep.

The husband also stated that the wife struck him on several occasions and on occasions used abusive language toward him; that he did not love his wife, and did not love her at the time their child was conceived; that there was "no way" that he would live with his wife.

There was also evidence that on one occasion the husband had bodily removed the wife from their home and locked the door so she could not re-enter. There was conflict as to the manner of her removal, but not the removal itself; he testifying it was done in a nonviolent manner; she testifying she was thrown out of the house.

There was also testimony from both parties that on the date of their separation there was what might be described as a heated argument in which he participated and she participated somewhat. Also, her father and mother participated.

The wife, on the other hand, testified that any quarrels they had were minor ones, ones that can be expected in any marriage; that she did not nag her husband but only talked to her husband about various matters; that she never struck her husband; that she loved her husband and wanted to maintain a home for him and their child. Her only complaint was that perhaps he was dominated by his mother, and was somewhat miserly with his funds.

The wife introduced numerous and impressive witnesses who testified that the parties' abode was always clean and well kept, and that they had never seen the parties quarrel or display animosity toward one another.

The wife herself further testified that only a short time before their separation they looked at houses together with the idea of purchasing a new home.

The trial judge heard the witnesses, observed their demeanor and while this court or another judge, using the criteria discussed above, may well have reached an opposite conclusion, to wit, that incompatibility in temperament did not exist, we cannot say in this instance that the trial court was plainly and palpably wrong.

We make particular note that the judge undoubtedly considered the totality of the circumstances and may well have concluded that while in large measure the marital difficulties existing in this instance were the result of the actions or inactions of the husband, there did exist a state of incompatibility of temperament between the parties in that the parties could not live together in peace and happiness.

The final contention of the appellant is that the trial court committed reversible error in not allowing any permanent alimony to the wife.

The record reveals that the parties were married approximately twenty months; that at the time of the marriage the wife was attending college; that she attended college while she was married, but was forced to withdraw because of complications with her pregnancy; that one child was born; that she is now attending college; and that she has never done substantial work and is not trained to perform any specific tasks.

The tendencies of the evidence further show that the husband graduated from college after the parties married; that the wife assisted the husband with his college work; that appellee-husband now works for his father, who has numerous business interests, and earns $650 per month; that the husband has approximately $6,500 in various forms of savings and checking accounts (mostly gifts from his father), plus stock of an undetermined value in a family corporation.

Our present statute, Tit. 34, §§ 31 and 32, Code of Alabama 1940, leaves much to the discretion of the trial court upon the matter of permanent alimony for the wife, but this discretion is judicial and not arbitrary, and is subject to review on appeal. Sides v. Sides, 284 Ala. 39, 221 So.2d 677; Sharp v. Sharp, 230 Ala. 539,

161 So. 709; Thomas v. Thomas, 233 Ala. 416, 172 So. 282.

While there is no fixed standard for determination of alimony, it must depend upon many relevant factors, considered in light of what is just and reasonable. Sides v. Sides, *supra*; Davis v. Davis, 274 Ala. 277, 147 So.2d 828, 1 A.L.R.3rd 1. Relevant factors are future prospects of the parties; their ages, sex, health and station in life; how long they were married; and in appropriate cases, the conduct of the parties with reference to the cause of the divorce.

With the above in mind, we believe the court erred in not granting any sum for alimony.

We would therefore remand this case back to the trial court only to determine an award of alimony, be it alimony in gross or periodic.

In considering such award, the trial court might keep in mind the educational needs of the wife and the future prospects of the husband.

Appellant has petitioned this court for a reasonable attorney's fee for her appeal in this court. A fee of $500 is hereby awarded.

All assignments of error properly presented and argued in conformity with Supreme Court Rule 9 having been considered, we hold that the trial court erred in refusing to award any alimony to appellant and that portion of the decree is due to be reversed and remanded. All other portions of the decree are to be affirmed.

Affirmed in part and in part reversed and remanded to the trial court for proceeding not inconsistent with this opinion.

WRIGHT, P. J., and BRADLEY, J., concur.