HOLMES, Judge.
This is a divorce case.
The parties were divorced on the grounds of incompatibility. The husband appeals and we affirm.
It is not necessary to detail the facts. Suffice it to say that, prior to the divorce, the parties had been married approximately twenty-eight years. No children were born of the marriage. The divorce proceeding was instituted by the wife who sought the divorce on the grounds of incompatibility. After an ore tenus hearing, the trial court granted the divorce due to incompatibility of temperament. The trial court also divided the property between the parties. The facts will be further developed as they relate to the specific contentions raised on appeal.
On appeal, the husband, through able and distinguished counsel, raises two issues. Initially, the husband contends that there was not sufficient evidence to support the trial court’s conclusion that the marriage should be dissolved due to incompatibility of temperament. We find no merit in this contention.
The wife was the only witness who presented evidence regarding incompatibility. She testified to long and frequent periods of separation due to the husband’s interest in hunting, fishing and riding in the mountains. The wife had no interest in such activities and, apparently, never participated in them. According to the wife, the husband expected her to confine her activities to the home and he resented her participating in activities outside the home. The couple had no mutual entertainment and they rarely socialized with friends and family. When it became apparent that there were some problems with the marriage, the husband refused to discuss the matter. The wife further testified that she felt that her husband no longer loved her and, when asked if she loved her husband, she said simply that she respected him. Finally, the wife was asked if the marriage could be reconciled. She said no and, furthermore, she had no desire to reconcile.
Based upon the evidence as summarized above, the trial court determined that incompatibility of temperament existed and granted the divorce. Reviewing the record with the attendant presumptions, this court cannot conclude that the trial court committed plain and palpable error in making that determination. Phillips v. Phillips, 49 Ala.App. 514, 274 So.2d 71, cert. denied, 290 Ala. 370, 274 So.2d 80 (1973).
Our conclusion is not altered because the husband presented evidence that incompatibility of temperament did not exist. Incompatibility necessarily involves both parties. It is inconceivable that the husband’s temperament could be compatible with his wife’s if hers is incompatible with his. Phillips v. Phillips, supra; Dyal v. Dyal, 54 Ala.App. 206, 307 So.2d 17 (1975).
The husband next contends that the trial court abused its discretion in dividing the property. We also find no merit in this contention.
*807 The division of property is a matter within the sound discretion of the trial court and will not be reversed on appeal unless there is a manifest abuse of discretion. Hawkins v. Hawkins, 346 So.2d 967 (Ala.Civ.App.1977); Mullins v. Mullins, 344 So.2d 511 (Ala.Civ.App.), cert. denied, 344 So.2d 515 (Ala.1977).
Though the parties began the marriage with few assets, the record reveals that over the course of the marriage the parties accumulated substantial interests in real estate and rental housing. The husband, who was a schoolteacher, was involved in arranging purchases of property and building and maintaining the rental housing. The wife’s participation in the business included keeping the books, selecting appliances, cleaning houses and apartments, doing yard work, renting apartments and dealing with unhappy tenants. This work was in addition to her normal household duties and her employment with the Tennessee Valley Authority.
The property division allowed each party to retain his or her own personal items, including clothing, jewelry, hobby and sporting equipment. The remaining property was divided essentially equally between the parties. As a result of the property division, each party’s share of the assets amounted to roughly $200,000.
In making a division of property, the trial court may properly consider the contribution of the parties toward the accumulation of the asset. McLain v. McLain, 384 So.2d 114 (Ala.Civ.App.1980). Considering the wife’s contribution to the accumulation of the assets, this court cannot conclude that the trial court abused its discretion in making this property division.
This case is due to be affirmed.
AFFIRMED.
WRIGHT, P. J., and BRADLEY, J., concur.