EDWARD N. SCRUGGS, Retired Circuit Judge.
This is a divorce case where the awarded periodic alimony to the wife is the issue.
*432 The husband’s complaint prayed for a divorce and for a division of property. The wife sought periodic alimony.
In viewing the record with the attendant presumptions accorded to the action of the trial court, the following is revealed: The parties were married in June, 1978, the husband then being forty-one years of age and the wife being fifty-three. It was a second marriage for each party. They had no children by this marriage. Before the final separation in March, 1981, they had been separated on two prior occasions.
The husband has his doctorate in physics and teaches at one of this state’s universities. His regular salary nets him $1,391 per month and he, additionally, averages $100 per month for supplemental teaching. While he does not have a definite teaching assignment during the summer, he normally has such summer employment. He owns no real estate and has accumulated no assets other than a few items of personal property. He testified as to contested contingent debts. The husband loaned $4,500 to the wife’s daughter by her previous marriage, who is repaying it at the rate of $115 per month. Eighteen monthly payments remain to be paid thereon.
After their marriage, the wife continued to teach a special education class until she was terminated because of lack of funding. She does not have teacher tenure. Presently, she has been substitute teaching. The wife has sought a regular teaching position and has received affirmative promises in that regard, but nothing has developed so far. She either has two or three master’s degrees, the evidence being unclear in that respect. Apparently, the wife has the possibility of obtaining employment as a therapist in a psychiatric center, but it would necessitate her moving from North Alabama, where she is needed to care for her elderly parents.
The wife owns her own home, which is presently debt free and which she purchased in 1968 for $28,000. She testified that it is now reasonably worth up to $60,-000. The husband presented evidence that, during the marriage, he expended over $2,700 for repairs and capital improvements to the house. She also owns the furniture, household appliances and a 1976 automobile. Her itemized expenses, according to her testimony, exceeded $600 per month.
The husband admitted that he committed adultery commencing about six months after the final separation of the parties.
After an ore tenus trial, the circuit court rendered a final judgment which divorced the parties for incompatibility of temperament. It awarded to the husband a few items of personal property, all of which were brought into the marriage by him. All other personal property was given to the wife, which included some articles which belonged to the husband prior to the marriage as well as all of the property accumulated by them during the marriage or by her prior to this marriage. The wife was further granted all sums due under the terms of the loan from her daughter. Also, the husband was ordered to pay periodic alimony to the wife of $300 per month for a period of twelve months.
The wife appeals and contends that the trial court abused its discretion as to both the amount and the duration of the awarded alimony. We affirm.
Neither his total income nor the husband’s nominal, or negative, net worth come close to placing him in a wealthy category. Hence, on that basis alone, this case is clearly distinguishable from the majority of the cases cited in the wife’s brief such as Dees v. Dees, 390 So.2d 1060 (Ala. Civ.App.1980), where the husband was worth millions and had a large annual income.
The evidence having been heard orally by the trial court, its award of alimony is presumed to be correct and can be set aside on appeal only when it is palpably wrong. Both the amount and duration of periodic alimony lie within the sound judicial discretion of the trial court, which is reversible only for a palpable abuse thereof. Dye v. Dye, 406 So.2d 420 (Ala.Civ.App. 1981); Mack v. Mack, 402 So.2d 1038 (Ala. Civ.App.1981); Coffelt v. Coffelt, 390 So.2d 652 (Ala.Civ.App.1980).
*433 While the law does not establish any fixed standard for determining alimony, some relevant factors to be considered are the “future prospects of the parties; their ages, sex, health and station in life; how long they were married; and in appropriate cases, the conduct of the parties with reference to the cause of the divorce.” Phillips v. Phillips, 49 Ala.App. 514, 274 So.2d 71 (1978).
In applying the Phillips factors to the facts in the present case, we cannot hold that the trial court abused its discretion in any respect as to the award of periodic alimony to the wife. We are neither surprised, shocked nor dismayed by any aspect of the alimony judgment in this case. The evidence does not virtually compel a result inconsistent with the trial court’s holding. Adams v. Adams, 335 So.2d 174 (Ala.Civ.App.1976). To the contrary, the judgment of the trial court makes a reasonable periodic alimony award for a reasonable period of time under the circumstances. The judgment was not palpably wrong and we must affirm.
The foregoing opinion was prepared by Retired Circuit Judge EDWARD N. SCRUGGS while serving on áctive duty status as a judge of this court under the provisions of section 12-18-10(e) of the Code of Alabama of 1975 and this opinion is hereby adopted as that of the court.
AFFIRMED.
All the Judges concur.