HOLMES, Judge.
This is a divorce case.
After an ore tenus hearing the trial court divorced the parties, required the husband to pay child support, awarded the wife alimony in gross, and made a division of property.
The wife appeals and the dispositive issue is whether the trial court abused its discretion in the awards to the wife. We find no such abuse as to require reversal and affirm.
Viewing the record with the presumptions accorded the trial court’s actions, the following is pertinently revealed: The parties were married in 1978 and separated in 1981. One child was born of the marriage.
Both parties are young and are able to work. During the marriage the wife held only occasional part-time jobs. The husband worked as a chicken farmer and was the main source of income for the family. There is evidence that his income is between $750 and $1,000 per month.
We do not deem it necessary or prudent to set out in detail all the parties’ assets. Suffice it to say that, prior to the marriage, the husband inherited considerable real estate due to the untimely death of his parents. The record is not a paragon of clarity as to the value of the real estate. It would *437 appear that the real estate exceeds a value of $25,000. Since the marriage an additional seventy-six acres have been acquired and two chicken houses have been constructed upon this acreage. The record reflects that this latest acquired property is mortgaged to the extent of approximately $85,000.
The trial court awarded custody of the parties’ child to the wife. The husband was required to pay $250 per month child support. Additionally, the husband was required to pay all medical and dental expenses.
The wife was awarded $12,000 as alimony in gross along with certain personal property-
The husband was awarded the remainder of the property, which, in large measure as indicated, was inherited by the husband pri- or to the marriage.
As mentioned, the wife, through able counsel, dispositively contends that the trial court erred to reversal in the awards to the wife.
We note the often quoted rule that awards such as are present in the instant appeal are a matter within the sound discretion of the trial judge. When a trial judge hears the evidence ore tenus his decision is presumed to be correct and will not be disturbed unless it is unjust or palpably wrong. Walton v. Walton, 387 So.2d 847 (Ala.Civ.App.1980).
In this instance, while the trial court’s actions might not necessarily be what this court would have done in the first instance, we cannot say his actions are such that we are required to reverse.
We particularly note the short duration of the marriage (see Williams v. Williams, 389 So.2d 141 (Ala.Civ.App.1980)), and the manner in which the property was acquired. See Anders v. Anders, 367 So.2d 481 (Ala.Civ.App.1979); Ala.Code § 30-2-51 (Cum.Supp.1981).
In view of the above, the trial court is due to be affirmed.
AFFIRMED.
WRIGHT, P. J., and BRADLEY, J., concur.