This is an appeal in a divorce case.
Appellant-husband and appellee-wife were divorced by a decree of the Jefferson County Circuit Court dated September 5, 1980. The court's decree incorporated an agreement between the parties which awarded custody of the couple's two minor children to appellee-wife. Alimony was set at $1,500 per month and child support was to be $600 per month for each child. Appellant-husband's other obligations included the payment of medical insurance premiums, payment of medical and dental bills under certain circumstances, payment of the cost of a college education for the children, and payment of current private school tuition for his daughter. Under the terms of the agreement, appellant-husband was to be given visitation rights with his children. These rights included the ability to see the children and to visit with them overnight in the Gadsden area. However, appellant-husband agreed not to take the children out of the state of Alabama without first obtaining consent of appellee-wife. The parties promised mutual cooperation with regard to scheduling visitation. A clause in the agreement also provided a method through which alimony could be increased or decreased upon a petition to the court in accordance with appellant-husband's salary.
On January 28, 1982 appellee-wife filed a petition for rule nisi, alleging that appellant-husband was $15,000 in arrears in alimony, $3,500 in arrears in child support, and that he had failed to meet his obligation concerning private school tuition and medical insurance premiums. In his answer appellant-husband claimed that he had expended significant sums on his children and former wife which had been accepted by appellee-wife in lieu of alimony and child support payments. These, he claimed, should serve as a credit against any sums due. He also indicated that he had been unemployed and unable to pay for a period of a year. Appellant-husband further claimed, by way of counter-petition for rule nisi, that appellee-wife had failed to cooperate with him in arranging visitation with the children. In a petition for modification, appended to his answer and counterpetition for rule nisi, appellant-husband sought a reduction in alimony and child support payments and also requested that the court grant him specific visitation rights to include the right of overnight visitation with his children. The trial court, following an ore tenus hearing, found that appellant-husband was in contempt. An arrearage of $20,800 in past-due alimony and child support payments was assessed against him, and it was also found that he had failed to make private school tuition payments of $805. The trial court reduced alimony to $700 per month and child support to $275 per month for each child. The court refused to grant additional relief to appellant-husband on his petition to modify concerning visitation rights and ordered him to pay a $7,500 fee to appellee-wife's attorney. The husband has appealed to this court from the trial court's order.
In his brief appellant-husband argues that three aspects of the trial court's decision were erroneous. First, it is his contention that the trial court erred in finding him in contempt for failure to make alimony and child support payments in light of the fact that he had contributed materially to his children and former wife. He further argues that the assessment of past-due payments against him was palpably wrong because he had been unemployed for a year and thus lacked the ability to pay. He also contends, in regard to the issue of *Page 111 
alimony, that the trial court abused its discretion by failing to reduce payments further since his earnings had decreased since the rendition of the original divorce decree. Second, appellant-husband asks us to find that the trial court should have found appellee-wife in contempt for refusing to allow visitation and that it abused its discretion in failing to modify its decree to provide for specific visitation rights. Finally, appellant-husband asks us to overturn the trial court's order that he pay a fee to his former wife's attorney. Since our review of a divorce proceeding is limited by the ore tenus rule, which demands that we uphold the trial court's decision unless we find gross abuse of discretion or palpable error, we must reject appellant-husband's arguments and affirm the circuit court's order.
Appellant-husband urges us to find that the trial court improperly refused to grant him a credit for amounts he spent on his children and former wife during the period in which he was in arrears in alimony and support payments. In his brief he claims that this sum totaled $14,556.40 and that these expenditures were made on items such as seasonal clothing for the children, educational items, Christmas and birthday gifts, an automobile for his former wife, and various other necessaries. Appellant-husband asserts that his argument that he is due a credit against arrearages is strengthened by the fact that these expenditures were made with the knowledge and consent of his former wife. Appellee-wife, however, contends that she did not request that her former husband make additional expenditures and that she did not consent to having them made in lieu of alimony and child support payments. She urges us to find that the trial court properly refused to allow any of these amounts as a credit against her former husband's arrearage.
We find no merit to appellant-husband's contention that he is due a credit against his arrearages in alimony and child support payments. In Keller v. Keller, 370 So.2d 306
(Ala.Civ.App.), cert. denied, 370 So.2d 308 (Ala. 1979), we stated the test for when a credit may be properly made against support payments, saying "[t]he key factor to be considered in giving credit for child support arrearage is whether the evidence shows that the father contributed to the actual support of the child. . . ." We have allowed offsets to be made in those instances in which the child lived with the father or was under the care of someone other than the nonsupporting parent and the father is able to prove that he made contributions to his child's support. See Keller v. Keller,supra; Nabors v. Nabors, 354 So.2d 277 (Ala.Civ.App. 1978). However, we have denied any credit where the father is unable to prove such expenditures. Weaver v. Weaver, 401 So.2d 77
(Ala.Civ.App.), cert. denied 401 So.2d 78 (Ala. 1981). We believe that the instant case falls under the ambit of Weaver,supra, and that it is in no sense like our decisions of Keller,supra, and Nabors, supra, in which the father was contributing to the upkeep of a child in his own custody or in the custody of some third person. In the instant case the two children remained in the custody of their mother. Moreover, many of the contributions claimed by appellant-father give the appearance of being in the nature of gifts rather than payments for necessities. It is also significant to note that appellant-husband claims to have spent $3,114.14 on Christmas and birthday gifts during a time in which he was in arrears in alimony and child support. Evidence before the trial court further indicated that such expenditures were made without the former wife's consent that they substitute for amounts due under the divorce decree. Thus, we find no error in the trial court's refusal to allow appellant-husband a credit against his arrearages.
We similarly find no merit in appellant-husband's contention that the trial court's contempt citation against him for arrearages in alimony and child support was improper since he had been unemployed for a year. Appellant-husband argues, and we agree, that an inability to pay is a complete defense against a contempt citation. See Thomas v. Thomas,406 So.2d 939 (Ala.Civ.App.), cert. denied, 406 So.2d 943 (Ala. 1981); *Page 112 Gorman v. Gorman, 392 So.2d 238 (Ala.Civ.App. 1980). He urges us to reverse the trial court's contempt citation on the basis of the fact that he was unemployed and seeking employment for a period of a year. This, he says, left him without the ability to meet his obligation to his former wife and children. Despite the fact that appellant was unemployed from November of 1980 through November of 1981, the record indicates that he made deposits in excess of $41,000 to a checking account in Atlanta, Georgia from which he paid his expenses. This evidence supports the trial court's finding of contempt and defeats appellant-husband's claim that he lacked the ability to make alimony and child support payments.
Finally, in regard to the alimony aspects of the trial court's decision, appellant-husband argues that a reduction from $1,500 per month to $700 per month was plainly and palpably wrong. He stresses the fact that his earnings have decreased from $50,207 in 1980 to $27,000 in his current position. He urges us to find that this is a sufficient showing of changed circumstances to warrant a total elimination of alimony. He does not, however, challenge the trial court's reduction of child support payments. Appellee-wife also argues that the reduction in alimony and child support payments by the trial court was error. Appellee-wife, however, did not cross-appeal and this argument is not before us for decision.
The instant case does not present such a set of circumstances as would support the former husband's claim that alimony should have been eliminated. In Wood v. Wood, 258 Ala. 72,61 So.2d 436 (1952), a decision to eliminate alimony was upheld on a showing that the wife had substantial income and that the daughter of the marriage had married and no longer required support. The instant case, however, presents a situation in which appellee-wife is unemployed and has no source of income except for some earnings from substitute teaching. Moreover, the two children of this marriage are still a part of her household and remain under her care. We find the instant case to fall under the principle in Curott v. Curott, 416 So.2d 431
(Ala.Civ.App. 1982), in which we said that "[b]oth the amount and duration of periodic alimony lie within the sound judicial discretion of the trial court, which is reversible only for a palpable abuse thereof." (Citations omitted.) We find no such abuse of discretion in the trial court's failure to eliminate alimony.
The husband's attack on that portion of the trial court's order concerning visitation with his children raises two issues. First, he argues that the circuit court improperly refused to find appellee-wife in contempt for failing to allow him to visit with his children. Second, he claims that the trial court's refusal to modify the divorce decree to allow him specific overnight visitation rights with his children in Atlanta was erroneous. Appellee-wife urges us to uphold the circuit court's decision on the ground that the parties' agreement had been honored by her. She further contends that the portion of the agreement concerning visitation was worked out by the parties on the basis of facts existing at the time of the divorce which have not changed. We treat both of these issues with an awareness that a decision concerning visitation rights is a matter resting within the sound discretion of the trial court. Crane v. Crane, 392 So.2d 242 (Ala.Civ.App. 1980).
In their divorce agreement appellant-husband and appellee-wife stated that they agreed "to cooperate with each other in agreeing upon reasonable visitation having due regard to the scheduled activities of the children and of the said Husband and Wife." The husband urges us to find that appellee-wife violated this portion of the parties' agreement and should be held in contempt for refusing to allow him to take his children to Christmas dinner in Birmingham in 1981. We find, however, that the trial court properly refused to cite appellee-wife for contempt because there is no evidence on the record to indicate that she has disregarded the parties' agreement. Instead, the record indicates that on the Christmas Day in question, appellee-wife refused to give her permission for the children *Page 113 
to leave the Gadsden area because of a long-standing tradition of having dinner with family and friends. In withholding her consent for the children to go to Birmingham with their father, she was merely acting in good faith on the basis of the parties' agreement concerning the scheduling of visitation. To refuse to hold her in contempt was thus not an abuse of the trial court's discretion.
We also remain unpersuaded by appellant-husband's argument that the trial court should have modified the divorce decree to allow him rights of overnight visitation with his children at his home in Atlanta. The divorce agreement contained a provision under which the husband was forbidden to take the children out of state without obtaining prior consent of the wife. At the time of his divorce, appellant-husband informed his wife and later admitted in pleadings that he was a homosexual. After the divorce he moved to Atlanta to seek new employment and, there, according to testimony, began to engage in a homosexual relationship. From evidence on the record, his relationship and impending move were known to both parties at the time they worked out the agreement concerning visitation rights. The record also indicates that appellee-wife has not refused to allow appellant-husband the right of overnight visitation with their children in areas other than Atlanta. Testimony showed that the children were allowed to visit with him over weekends while he remained in the Gadsden area. Because appellant-husband has failed to show changed circumstances since the rendition of the divorce decree, we find that the trial court acted properly in refusing to modify that portion of the order which required the husband to obtain permission from the wife before taking the children out of state. See Messer v. Messer, 416 So.2d 436 (Ala.Civ.App. 1982).
Finally, we are not inclined to upset that portion of the trial court's decision which ordered appellant-husband to pay a $7,500 fee to appellee-wife's attorney. Attorney's fees in a divorce case are left to the sound discretion of the trial court and the exercise of such discretion will not be set aside except for gross abuse or palpable error. Watson v. Watson,278 Ala. 425, 178 So.2d 819 (1965). It is the husband's position, however, that the award of attorney's fees was improper since the finding of contempt was improper. In view of our decision on the contempt citation issue and the finding that the attorney's fee award is not palpably erroneous, we find no merit in this aspect of appellant's appeal.
Appellee-wife has requested the award of an attorney's fee on appeal. We award her $500 for such purpose.
For the foregoing reasons the decision of the trial court is affirmed.
AFFIRMED.
WRIGHT, P.J., and HOLMES, J., concur.