INGRAM, Judge.
Tomie and Evelyn Burleson were divorced in February 1987. After an ore tenus hearing, the trial court awarded to the wife approximately seven acres of real property, including the homestead. The husband was awarded certain property, including a fifty-acre farm, as well as all of the machinery and equipment used in his logging business. The trial court also awarded to the wife $1.00 per month in alimony to be paid by the husband and ordered the hus-521 So.2d — 30 band to pay $4,000 to the wife as one half of her attorney’s fees. The husband appeals the lower court’s decision.
The issue on appeal is whether the trial court abused its discretion in the division of property between the parties and the award of alimony and attorney’s fees to the wife.
It is axiomatic that the division of property in a divorce action is within the sound discretion of the trial court and will not be reversed on appeal except where such discretion was plainly and palpably abused. Golson v. Golson, 471 So.2d 426 (Ala.Civ.App.1985). Additionally, in a divorce case where evidence is presented ore tenus, the judgment appealed from is presumed correct. The judgment cannot be altered on appeal if it is supported by legal evidence unless the trial court’s decision was palpably wrong. Sayles v. Sayles, 495 So.2d 1131 (Ala.Civ.App.1986).
The husband contends that the trial court erred to reversal in its final decree. He claims that his wife’s faulty bookkeeping for his business is the reason for the “breakdown of the parties’ financial condition,” and further argues that the lower court divided the property inequitably. We find it unnecessary to recite more detailed facts of this case. We have reviewed the record and find that the trial court did not err to reversal in the division of property. We may not substitute our judgment for that of the trial court. Smith v. Smith, 448 So.2d 381 (Ala.Civ.App.1984).
The husband argues that the trial court erred in ordering him to pay one half of the wife’s attorney’s fees. The award of attorney’s fees in a divorce case is left to the sound discretion of the trial court. Anonymous v. Anonymous, 428 So.2d 109 (Ala.Civ.App.1983).
This case is affirmed.
AFFIRMED.
BRADLEY, P.J., and HOLMES, J., concur.